AMASA M. EATON *et al. vs.* GEORGE H. ROBINSON *et als.*

The officers of a corporation stand in a fiduciary relation towards the stockholders analogous to that of trustee and *cestui que trust,* and are bound to the exercise of the utmost good faith towards them.

If the officers of a corporation vote and pay themselves salaries for the purpose largely of depriving a stockholder of his share of the rents and profits accruing to the corporation, such action is oppressive and is to be treated as fraudulent; and on a bill to account for the moneys paid as salaries no compensation should be allowed them. They should be required to account for all sums withdrawn for salaries with interest.

Where a bill by a stockholder against the corporation and the other stockholders for an account of moneys misappropriated by certain of the stockholders prays for an accounting both with the company and the complainant and that the respondents may be decreed to pay over such sums as shall be found due to the company or the complainant, and the complainant is entitled to relief, a decree for the payment to the complainant of his share of the moneys misapplied is preferable to one requiring payment into the treasury of the company which might force the complainant to bring another bill to compel the payment of a dividend.

BILL IN EQUITY by a trustee, or stockholder in a corporation, and his *cestui que trust,* against the corporation and the other stockholders for an account of moneys alleged to have been wrongfully paid to certain stockholders for salaries. On exceptions to the master's report, and subsequently on the form of decree.

This cause was previously before the court, and is reported in 18 R. I. 396.

*May* 18, 1895. PER CURIAM. The master has found that the salaries voted and paid to the respondents, while nominally and partly for services rendered to the company, were partly and largely for the purpose of depriving the predeces-

sors in title of the complainants of the results of litigation, in the event that the litigation should prove successful. Counsel for the repondents maintain that the master erred in finding the latter purpose because he contends the respondents at the time of the fixing of the salaries could not have known that judgment in the suit at law would be taken for the full amount of the mortgage debt instead of the excess only above the value of the stock pledged, whereby the right to redeem the stock arose. The salaries, however, were not fixed till after the right to redeem the stock had been claimed and suits for the purpose had been begun. We think that the master was justified in his finding.

In so far as the fixing and payment of the salaries were induced by the purpose to deprive the complainants' predecessors in title of their share of the rents and profits accruing to the corporation in case they should obtain the right to redeem the mortgage stock, such action was oppressive and must be treated as fraudulent. The respondents, as officers of the corporation, stood in a fiduciary relation towards the complainants' predecessors in title as stockholders in the corporation, analogous to that of trustee and *cestui que trust* and were bound to the exercise of the utmost good faith toward them. If they acted oppressively, we think that the master erred in allowing them compensation. *Davis* v. *Memphis R. R. Co.*, 22 Feb. Rep. 883; *Sellers* v. *Phœnix Iron Co.*, 13 Fed. Rep. 20; *Swartswalter's Account*, 4 Watts, 77, 79; *Berryhill's Adm'x Appeal*, 35 Pa. St. 245; Note to *Robinson* v. *Pett*, 2 Lead. Cas. in Eq. 550, 570, 600. In the cases cited by the master in which compensation was allowed to officers of corporations, notwithstanding their maladministration, the objection that they were not entitled to compensation because of such maladministration does not appear to have been made. The master should have required the respondents to account for all sums withdrawn for salaries with interest.

We see no reason for disturbing the allowance of $134 by the master for outlays by the respondents for the benefit of the corporation.

We overrule the respondents' exceptions, and those of the complainants except so far as consistent herewith.

The cause then came up on the form of the decree to be entered.

*July* 3, 1895.   PER CURIAM.   The decree submitted by the complainants may be entered.   The prayer of the bill is for an accounting both with the company and the complainants and that the respondents may be decreed to pay over such sums as shall be found due, to the company or the complainants.   This prayer is broad enough to entitle the complainants to a decree for the payment of their share of the moneys wrongfully appropriated as salaries.   We think that relief in this form is appropriate to the circumstances of the case and a better form than to require payment into the treasury of the company, and thereby, perhaps, make it necessary for the complainants to resort to another bill to compel the payment of a dividend.   Similar relief in a somewhat similar case was granted in *Fougeray* v. *Cord,* 50 N. J. Eq. 185. We do not deem the objection urged by the respondents that directing payment to the complainants of their share of the sums found due to the company instead of into the treasury of the company is a sequestration of the corporate property entitled to any weight.   The corporation exists for the benefit of its shareholders.   No injustice is done to anyone by directing a payment to the complainants of what is due to them.

We see no reason for withholding costs from the complainants.   The respondents against whom no relief was granted were all shareholders in the corporation and, therefore, if not necessary, were at least proper parties to the bill and interested in the accounting.

*Amasa M. Eaton & Walter F. Angell*, for the complainants.

*Arnold Green*, for the respondents.