STATE LUMBER COMPANY, INC. *et al. vs.* JOSEPH P. CUDDI-
GAN *et al.*

JUNE 19, 1930.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Barrows, and Murdock, JJ.

RATHBUN, J. This is a bill in equity to establish a trust. The Superior Court sustained a demurrer to the bill and the case is before us on complainants' appeal from the decree dismissing the bill.

The bill alleges that complainants and respondent Cuddigan furnished labor and materials for the construction

of four houses on lots owned by Yervant Manoogian and wife: that the owners placed a first mortgage upon each house and gave a second mortgage on one house to one Martin Lippman; that, for the purpose of securing complainant State Lumber Company, Inc. and respondent Cuddigan for a part of their claims for materials furnished, the owners gave a second mortgage on one parcel to said Lumber Company and second mortgages on the other two parcels to said Cuddigan and later deeded the four parcels, subject to said mortgages, to one McDowell in trust to complete the houses, effect a sale thereof, pay all claims and account to said owners for any balance remaining; that shortly thereafter said owners became involved financially and departed from the State to parts unknown; that thereupon, the complainants and the respondent, Joseph P. Cuddigan, for their mutual protection, entered into an oral agreement as follows: That at the sale upon foreclosure of mortgages upon each of the four houses, complainant, State Lumber Company, Inc. would purchase the house on which it held the second mortgage, complainant Lamb would purchase the house upon which Martin S. Lippman held the second mortgage, and respondent Cuddigan would purchase the two houses upon which he held second mortgages; that all of the complainants and respondent Cuddigan would then furnish the labor or materials necessary to complete the four houses; that after the houses were completed, they were to be sold and the purchase money applied as follows: (a) To the payment of the first mortgages. (b) To the payment to the respondent Cuddigan of all the balance due him under his contract. (c) To the payment of any labor, materials or money advanced by the parties to complete the houses and for the payment of preferred and secured claims. (d) To the payment to State Lumber Company, Inc. of the amount secured by its second mortgage on one house, and the balance was to be distributed *pro rata* among all of the creditors; that it was further agreed that respondent Cuddigan would convey the houses, which he had agreed

to purchase at foreclosure sale, to the complainants or their nominee, upon tender to him of the amount due to him under his contract, plus actual costs and disbursements incurred in the holding of the two parcels above mentioned; that in pursuance of said agreement, and replying upon it, the complainants did not commence lien proceedings and did not bid at the foreclosure sales on the parcels to be purchased by respondent Cuddigan; that thereafter the complainants furnished labor and materials to complete all of said houses, including the houses to which respondent Cuddigan acquired title at foreclosure sale.

The trial court ruled that the bill stated merely a failure to perform an express trust based on an oral agreement and that the enforcement of such a trust is barred by the Statute of Frauds. See General Laws, 1923, Chap. 333, Sec. 6.

The complainants do not contend that the bill alleges a payment by them of any part of the purchase price or discloses any other facts upon which a resulting trust may be based. Their main contention is that a constructive trust arises by reason of Cuddigan's fraud in refusing to keep his oral agreement to hold the property in trust. They do not allege that he had any fraudulent intent when he made said oral agreement.

Constructive trusts arise by operation of law, and not by agreement or intention, and are not within the Statute of Frauds or statutes prohibiting the establishment of parol trusts. Fraud, actual or constructive, is the basis of a constructive trust, and the rule based on reason and the weight of authority is that "The mere refusal to execute a parol trust, or the denial of its existence, is not such a fraud as to take the case out of the statute of frauds and authorize equity to enforce the trust." 39 Cyc. 171, 176; *Broadway Bldg. Co.* v. *Salafia* 47 R. I. 263; *Whiting* v. *Dyer*, 21 R. I. 278; 37 Harvard Law Review, 653.

The familiar case of a constructive trust based on constructive fraud is found where "One who occupies a fiduciary or confidential relation to another in respect to business or

property, and who by the use of the knowledge he obtains through that relation, or by the betrayal of the confidence reposed in him under it, acquires a title or interest in the subject-matter of the transaction antagonistic to that of his correlate." 39 Cyc. 182. The allegations in the bill disclose no such fiduciary or confidential relation.

Trusts usually denominated constructive trusts, but having some of the characteristics of resulting trusts, are frequently established where one having an interest in land, about to be sold at a judicial sale, takes no steps to protect his interests, because of his reliance upon an oral promise of another to purchase for the benefit of the former, and the property is purchased by the one so promising at a low price and competition was avoided by making the agreement known at the sale. 39 Cyc. 180; *Jenckes* v. *Cook*, 9 R. I. 520; *Aborn* v. *Padelford*, 17 R. I. 143; *Thompson* v. *Prew*, 148 A. 313.

The bill does not allege that the complainants had any interest in the real estate. The bill does allege "That in pursuance and in consideration of said agreement, the said complainants and each of them refrained from commencing lien proceedings or other legal proceedings against the said real estate" and that each of them refrained from bidding at the foreclosure sale of the parcels in question. The bill does not allege that the complainants in consideration of the agreement, waived a lien, already established, or refrained from perfecting lien proceedings. There is not even an allegation of facts showing that at the time of the agreement they were legally entitled to establish a lien upon the property or that they reasonably believed they were so entitled.

The appeal is denied and dismissed, the decree appealed from is affirmed and the cause is remanded to the Superior Court for further proceedings.

*Archambault & Archambault, George Roche,* for complainants.

*John F. Collins, McGovern & Slattery, James A. Higgins,* for respondent.