ARTHUR L. STERNS *vs.* INDUSTRIAL NATIONAL BANK OF
PROVIDENCE, THOMAS H. SKIDMORE, *et al.*

MAY 27, 1963.

PRESENT: Condon, C. J., Roberts, Paolino and Powers, JJ.

PAOLINO, J.   This is a bill in equity praying that the respondent Thomas H. Skidmore be declared a constructive trustee of certain shares of stock in respondent All States Uranium Corporation and that the same be ordered transferred to the complainant.   After a hearing before a justice of the superior court on an amended bill, answer and proof, a final decree was entered denying and dismissing the bill.

The cause is before us on the complainant's appeal from such decree.

The Industrial National Bank of Providence and All States Uranium Corporation, hereinafter referred to as the corporation, are merely nominal respondents. The real parties in interest are complainant and respondent Thomas H. Skidmore, to whom we shall refer as respondent.

The bill as amended alleges in substance that complainant and respondent were holders of certain shares of common stock in the corporation; that they entered into an oral agreement whereby it was agreed that respondent would hold in his name 1,501 shares of complainant's stock in the corporation for the sole purpose of enabling him to have a voting control of the corporation; that subsequently a certificate for 2,251 shares was issued in respondent's name; that such certificate included the 1,501 shares belonging to complainant; and that the oral agreement provided that all benefits accruing from complainant's 1,501 shares would be turned over to him by respondent.

The bill further alleges that complainant transferred the shares in question to respondent for the purpose of giving the latter voting control; that he made such transfer upon respondent's fraudulent representation that it was necessary for his protection and that the beneficial interest would remain in the complainant; that he would not have transferred the stock except for such inducement; that at the time thereof he was without benefit of counsel, whereas respondent was represented by counsel; and that respondent fraudulently and wrongfully withholds the stock from complainant and claims it as his own.

The answer denies the existence of any oral agreement relative to the 1,501 shares of stock and alleges that respondent entered into a written agreement with the corporation and complainant whereby the latter was to receive, and in fact did receive, 1,499 shares of the common

stock of the corporation from respondent as full payment for complainant's services to respondent. The written agreement, signed by complainant and all parties thereto, is in evidence.

The testimony of complainant and respondent relative to the existence of an oral agreement is directly conflicting. The complainant testified that the oral agreement was made at a conference in Chicago. The respondent, on the contrary, not only denied the existence of any oral agreement, but testified that complainant agreed to the terms of the written agreement and signed it together with the other parties. In the posture of this appeal we do not deem it necessary to discuss the evidence of previous dealings between the parties, since it is not pertinent to the issue before us.

After the hearing the trial justice filed a written decision in which he carefully reviewed all the pertinent evidence presented by the parties. He made a finding of fact that complainant accepted respondent's terms and knowingly signed the written agreement intending the corporation to issue to respondent 6,000 shares of common stock in part payment for respondent's property and upon respondent's agreement to transfer 1,499 shares of this stock to complainant, with no other promise to complainant.

With respect to the conflicting evidence relative to the alleged oral agreement, he expressly accepted respondent's testimony. He found that respondent did not take a transfer or original issue of 1,501 shares belonging to complainant or any other shares on a promise to hold the same for voting purposes only while agreeing that complainant would own all the beneficial interest therein. He also found that respondent did not falsely or fraudulently represent to complainant that he needed the shares for effective control of the corporation and that there was no other method of insuring such control except by a transfer of the shares.

The trial justice also stated that complainant's testimony in other respects was not true and he expressly found that the parties were dealing at arm's length and that each was able to care for himself. On the basis of such findings he entered a final decree denying and dismissing the bill.

The narrow issue raised by complainant relates only to the question whether the findings of fact on which the decree is based are supported by the evidence. The complainant has briefed and argued only his reasons of appeal alleging that the decree is against the evidence and the weight thereof.

The decisive issue in this cause is the existence, or non-existence, of the alleged oral agreement upon which complainant's case rests. It is on the basis of such agreement that he seeks to establish a constructive trust, claiming that a fiduciary relationship existed between him and respondent. But, as the court said in *Rooke* v. *Grant,* 77 R. I. 447, 460: " * * * in order to establish such a trust the evidence must be 'clear and convincing,' or as stated in *Broadway Building Co.* v. *Salafiia,* 47 R. I. 263, at page 267: 'Evidence upon which to erect such trusts is subject to the closest scrutiny and proof must be clear, full and satisfactory.' "

The evidence in the case at bar relative to the existence of the alleged oral agreement is in direct conflict. In such circumstance the ultimate determination depends almost entirely on credibility. The trial justice, who had the advantage of seeing and hearing the witnesses, placed no weight on complainant's credibility. On the contrary, he accepted respondent's testimony on this issue as true. And, in addition, he was satisfied that they were dealing at arm's length and that each was able to care for himself. His ultimate finding was that no oral agreement existed between the parties.

We have consistently held that where the evidence is conflicting, the findings of fact by a trial justice in an equity

cause are entitled to great weight and will not be set aside by this court unless they are clearly wrong and fail to do justice between the parties. *Walther* v. *McOsker,* 87 R. I. 386, 391. Having ruled out complainant's testimony on the issue of credibility, we cannot say that the trial justice was not warranted in finding, on the basis of respondent's testimony, that no oral agreement was entered into between the parties.

In the absence of such agreement there is no basis for complainant's prayer for a constructive trust. But assuming that we reach the question of a constructive trust, the burden was upon complainant to prove the same by clear and convincing evidence. The trial justice decided that the complainant had failed to sustain such burden. From our examination of the transcript we cannot say that he was clearly wrong or that his decision fails to do justice between the parties.

After carefully examining the entire record, it is our opinion that the findings of fact are supported by the evidence and that the decree conforms to such findings.

The complainant's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*John P. Bourcier, Aram A. Arabian,* for complainant.

*Graham, Reid, Ewing & Stapleton, Owen P. Reid,* for respondent Thomas H. Skidmore.