347 A.2d 409.
NOVEMBER 20, 1975.

JANE R. SLADEN *et al. vs.* FRANK J. ROWSE, JR. *et al.*

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

JOSLIN, J. In this civil action four of the six surviving children of Frank J. Rowse, Sr. (Rowse, Sr.), now deceased, ask that a constructive trust be imposed on the 250 shares of the 1000 issued and outstanding shares[1] of the common stock of American Coin Lock Company, Inc. (the company), which their brother Frank J. Rowse, Jr. (Rowse, Jr.) purchased from Dario Bacchiocchi (Dario) in 1969 shortly after their father's death. The plaintiffs also ask that Rowse, Jr. be removed as executor of and trustee under the father's will. The sixth surviving child is not a party to the litigation. Following a nonjury trial in the Superior Court a judgment was entered imposing a constructive trust on the shares for the benefit of the six Rowse children but refusing to remove Rowse, Jr. as executor and trustee.[2] The case is now here on cross-

---

[1] At the time of Rowse, Sr.'s death the Rowse family's holdings in the company stock were as follows:

| | | |
|---|---|---|
| 328.34 | shares | Frank J. Rowse, Sr. |
| 66 | shares | Frank J. Rowse, Jr. |
| 66 | shares | R. William Rowse |
| 66 | shares | Donald B. Rowse |
| 66 | shares | Bessie C. Bruce |
| 66 | shares | Ann H. Allen |
| 66 | shares | Jane Sladen |
| 18 | shares | Anna C. Rowse |

[2] At oral argument, the plaintiffs agreed not to press their appeal from the trial justice's refusal to remove Rowse, Jr. as executor.

appeals, the parties each assigning as error as much of the judgment as is adverse to his respective interests.

In sum and substance, the trial justice, after resolving the conflicts in the evidence in plaintiffs' favor, concluded that Rowse, Jr. breached his fiduciary duties to the company and to his brothers and sisters by acquiring the Dario stock for his own account; that he therefore held these shares in trust equally for his own benefit and for that of his five brothers and sisters; and that within 90 days each of those brothers and sisters could purchase 41-2/3 shares of the Dario block by reimbursing Rowse, Jr. for a proportionate part of the purchase price.

Rowse, Jr. challenges the evidence upon which those conclusions are premised as lacking in the clear and convincing quality which such evidence must have if it is to qualify as a basis for the imposition of a constructive trust, *Desnoyers* v. *Metropolitan Life Ins. Co.*, 108 R. I. 100, 112, 272 A.2d 683, 690 (1971); *Sterns* v. *Industrial Nat'l Bank*, 96 R. I. 313, 316, 191 A.2d 152, 154 (1963). He also challenges the trial justice's resolutions of the conflicts in the evidence on the ground that he misconceived and overlooked material evidence, that he was clearly wrong, and that therefore his findings do not merit the great weight to which they would ordinarily be entitled on review. *Edward R. Marden Corp.* v. *S. & R. Constr. Co.*, 112 R. I. 332, 336, 309 A.2d 675, 677 (1973).

Obviously the grounds for these challenges are familiar ones which are frequently urged in cases of this kind. Our analysis of the evidence here, however, convinces us that these contentions are really not apt in that, however framed, they in essence constitute nothing more than Rowse, Jr.'s assertion that his witnesses were more credible than plaintiffs' and that their testimony should therefore have been believed by the trial justice.

Arguments of this kind should be addressed to a trier of fact whose duty it is to pass upon the credibility of the witnesses and the weight and quality of testimony. They have no role in the appellate context. *Fournier* v. *Ward,* 111 R. I. 467, 472, 306 A.2d 802, 805 (1973); *Boudreau* v. *Holzer,* 109 R. I. 81, 85, 280 A.2d 88, 91 (1971); *Marstan Corp.* v. *Centreville Realty Co.,* 106 R. I. 36, 38, 256 A.2d 26, 27 (1969).

Rowse, Jr. also argues that even if the facts as found by the trial justice are accepted, it was nonetheless legal error to impose a constructive trust upon the 250 shares purchased. The validity of that contention turns on whether Rowse, Jr. was a fiduciary and, if so, whether he betrayed his fiduciary obligations by acquiring the Dario stock. Proof of one of those elements will not suffice, and a constructive trust will arise only if plaintiffs establish that the fiduciary relationship existed and that a breach occurred. *Matarese* v. *Calise,* 111 R. I. 551, 564, 305 A.2d 112, 119 (1973); *State Lumber Co.* v. *Cuddigan,* 51 R. I. 69, 71-72, 150 A. 760, 761 (1930).

Here there can be no doubt about the existence of the first element. When Rowse, Jr. purchased the Dario stock he was an officer and director of the company and hence a fiduciary. *Boss* v. *Boss,* 98 R. I. 146, 152, 200 A.2d 231, 235 (1964); *Point Trap Co.* v. *Manchester,* 98 R. I. 49, 54, 199 A.2d 592, 595-96 (1964); *Eaton* v. *Robinson,* 19 R. I. 146, 147, 31 A. 1058, 1058 (1895). But, as Mr. Justice Frankfurter so forcefully stated:

"* * * to say that a man is a fiduciary only begins analysis; it gives direction to further inquiry. To whom is he a fiduciary? What obligations does he owe as a fiduciary? In what respect has he failed to discharge these obligations? And what are the consequences of his deviation from duty? *Securities & Exch. Comm'n* v. *Chenery Corp.,* 318 U. S. 80, 85-86, 63 S.Ct. 454 458, 87 L.Ed. 626, 632 (1943).

It is of course true, as Rowse, Jr. contends, that being a corporate officer or director does not necessarily preclude one from purchasing stock in the corporation in which he holds office. *Id.* at 88, 63 S.Ct. at 459-60, 87 L.Ed. at 633; *Boss* v. *Boss, supra* at 152-53, 200 A.2d at 235. Yet it is also true that a person holding those offices may not divert to himself opportunities which in justice belong to the corporation he serves and that he may not purchase its stock for his own account if he is charged with the duty of acquiring that stock for his employer. Feuer, *Personal Liabilities of Corporate Officers & Directors* 90 (1961); Henn, *Corporations* §237 at 462, 463 n. 11 (2d ed. 1970).

The question, then, of whether the opportunity to purchase its own stock must be first offered to the corporation or can be exercised by the officer or director for his own personal gain is not susceptible of a single answer, but instead depends in each instance upon the facts and circumstances of the particular case. *Burg* v. *Horn,* 380 F.2d 897, 900-01 (2d Cir. 1967); *Johnston* v. *Greene,* 35 Del. Ch. 479, 486, 121 A.2d 919, 923 (Sup. Ct. 1956); Henn, *supra* §237 at 462.

In this case the trial justice found, in substance, that the company was a "family-type corporation" and that Rowse, Sr. wanted it to remain that way; that Rowse, Sr. by inter vivos and testamentary gifts to his children clearly manifested an intention that the family stock in the company be divided equally among them; that Dario's large stockholding was the subject of family concern because of the possibility that acquisition of the shares of one or more of the children might give him control; that to prevent Dario or any other stranger from gaining such control Rowse, Sr. caused his children to enter into a stock repurchase agreement; that Dario communicated with Rowse, Jr. about the possibility of the company's purchasing his stock or of his purchasing the Rowses' stock, but that

Rowse, Jr. did not advise the other company officers and directors of these communications; that the possibility of the company's acquiring the Dario stock was nonetheless discussed intermittently at board meetings and around the company's offices, but that no action was taken because the asking price was too high and it was thought desirable to await a time when that price would be reduced to an acceptable figure; that one member of the family testified that Rowse, Jr. negotiated with Dario either on the company's or the family's behalf and that at least at one board meeting Rowse, Jr. requested permission to buy the stock for the company when the price was right; that Rowse, Jr. finally purchased the stock for his own account without advising either the company or his brothers or sisters of the reduced price at which it could be purchased; and that he used $20,000 of company funds (later repaid) as part of the $125,000 purchase price.

On the basis of the foregoing it seems to us that it can reasonably be concluded that the company intended to acquire the Dario shares at an acceptable price; that Rowse, Jr. was aware of this sentiment and that his negotiations with Dario could have been interpreted by his brothers and sisters to be in furtherance of the company's plan; and that consequently he breached his fiduciary obligations by diverting to himself an opportunity which in justice belonged to the company.

Although we agree with the trial justice that Rowse, Jr. holds the Dario shares in constructive trust, we cannot agree that the shares should, at least in the first instance, be made available in equal amounts to the six surviving children. Rather, because Rowse, Jr. was exercising a company opportunity when he purchased the Dario shares, we conclude that the company, not the children, is the trust beneficiary and should therefore have an opportunity to purchase the shares. Hence, this phase of the case must be

remanded to the Superior Court for a revision of the judgment.

The plaintiffs' appeal may be dealt with briefly. Rowse, Sr.'s will leaves 328.34 shares of the company's stock in trust and names Rowse, Jr. as the sole voting trustee. Because of his power to vote those as well as his own shares, and also because of his influence over one of his brothers, plaintiffs contend that Rowse, Jr. will control the company. That possibility, particularly when regarded in the light of Rowse, Jr.'s conduct with respect to the Dario stock, convinces them that they will be treated unfairly and hence they argue that failure to remove Rowse, Jr. as trustee "* * * would be disastrous for the plaintiffs and any result [plaintiffs] might obtain in this action would be subject to the possible dissipation and unwarranted consumption of corporate assets during the continuance of the trust * * *."

We do not make light of the plaintiffs' apprehension, but inasmuch as the trust has not yet come into being, their concerns are speculative rather than real. If their fears should be realized, they will have ample opportunity to initiate removal proceedings in the Superior Court. At this stage of these proceedings, however, we cannot see how it can be successfully argued that the Superior Court abused its discretion in refusing to remove the trustee of a trust which as yet is unfunded. *See Petition of Statter,* 108 R. I. 326, 338, 275 A.2d 272, 277 (1971).

The judgment appealed from is sustained in part and reversed in part, the plaintiffs' appeal is denied and dismissed, the defendant's appeal is denied and dismissed, and the case is remanded to the Superior Court for further proceedings consistent with this opinion.

*Blais, Cunningham, Thayer, Gagnon & Ross, Henry J. Blais III* and *Ronald R. Gagnon,* for plaintiffs.

*J. Russell Blease, Levy, Goodman, Semonoff & Gorin, Stephen F. Mullen,* for defendants.