[Civ. No. 4330. First Appellate District, Division Two.—December 26, 1922.]

C. C. NEWTON, Plaintiff and Respondent, v. R. C. DE ARMOND, Defendant; JAMES H. BUCKLEY, Defendant and Appellant.

[1] DEFAULT—ACTION BASED ON COLLISION OF AUTOTRUCKS—RELIANCE UPON ASSURANCE OF INSURANCE AGENT—RELIEF.—Where a defendant upon being served with process in an action growing out of a collision of motor-trucks was informed by an insurance agent that his codefendant was insured and that the agent had attended to the matter, which statement such defendant accepted as meaning that the case would be defended on behalf of all the defendants, and acted accordingly, he was entitled to have his default set aside, especially where his motion was accompanied with a verified answer alleging that the driver of the truck was not acting as his agent or in his employment at the time of the accident.

APPEAL from an order of the Superior Court of Santa Clara County denying a motion to set aside a default and to vacate the judgment. F. B. Brown, Judge. Reversed.

The facts are stated in the opinion of the court.

A. D. Barber for Appellant.

O. C. Wilson and C. Huntington Jacobs for Respondent.

STURTEVANT, J.—A default judgment was entered against the defendant; he made a motion to set aside the

1. Right to open default judgment as affected by character of defense, notes, 61 L. R. A. 746; L. R. A. 1916F, 839.

default and to vacate the judgment; his motion was denied and the defendant has appealed.

Heretofore (the exact date is not shown) the defendant was the owner and in possession of a certain Fageol motortruck; he sold the truck under an executory contract to R. C. De Armond, who did, at a date prior to the twenty-eighth day of September, 1921, take out a license in his own name but registered the truck in the records of the motor vehicle department showing James H. Buckley, this defendant, to be the legal owner. Just when the license was taken out the record does not show. On the eighteenth day of August a collision occurred between the Fageol truck and a Packard truck owned and operated by the plaintiff. It is not claimed that the defendant was driving or was personally operating the Fageol motor-truck at the time of the accident. The record contains much hearsay in the form of letters, written by third persons after the accident, which does not throw any light on the matter now before the court. However, the record shows that a complaint was filed December 19, 1921, in the superior court of Santa Clara County, and that a summons issued on the same day. The summons was served on the appellant in Santa Cruz County on December 22, 1921. The last day for the appellant to appear and answer was January 21, 1922. By the affidavit of the appellant it appears that at all times herein mentioned Mr. E. P. Pfingst was the resident agent at Watsonville of certain insurance companies and "is an educated business man of high standing in the city of Watsonville." That immediately after appellant was served with summons and complaint he saw Mr. Pfingst, informed him of the fact of the service and that Mr. Pfingst stated to appellant that De Armond was insured and that Pfingst had attended to the matter, and that the appellant accepted the statement of Pfingst as meaning that the case would be defended on behalf of all of the defendants, and that appellant acted accordingly. Later the plaintiff caused appellant's default to be entered, January 25, 1922, and a judgment to be entered on the default February 2, 1922, and immediately thereafter caused a copy of the notice of judgment to be mailed to the appellant at his post-office address at Watsonville. When the appellant received the notice in question he took it at once to Mr. Pfingst, who, in turn, sent the same to the office of the attorneys of the in-

surance company in San Francisco, and it was not until the company's attorneys wrote back, on February 7, 1922, that Mr. Pfingst came to appreciate the fact that the attorneys representing the insurance company would appear for Mr. De Armond only. As soon as Mr. Pfingst learned of the necessities of Mr. Buckley he did, on February 16, 1922, mail to him a letter informing him of the necessity of his employing his own attorney. But at that time the default and judgment had been entered.

In addition to what we have said regarding the facts showing inadvertence, surprise, and excusable neglect, it is of much importance to state that when the appellant made his motion to vacate the judgment he tendered a verified answer which alleged most positively that at the time of the accident the driver of the truck was not acting as his agent or in his employment, nor was anyone else operating the truck as the agent or servant of the appellant. Of course, if that allegation is true, then the appellant had a complete defense to the action on the merits thereof.

[1] No fact of any kind or nature appears in the record which shows or tends to show that Mr. Buckley did not in the best of good faith receive the assurance above mentioned from Mr. Pfingst, or that he did not believe the statements made by Mr. Pfingst, or that he did not have a right to believe and act on the same. Under such a record the appellant was entitled to have his default set aside and the trial court had no evidence before it which justified the trial court in refusing to vacate the default.

For the reasons stated the order is reversed.

Langdon, P. J., and Nourse, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on January 21, 1923, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 21, 1923

All the Justices concurred.