DIANNE KORSAK, *p.a.* ALFRED J. KORSAK, HELEN KORSAK *v.* AMERICAN MOTORISTS INSURANCE COMPANY.

FEBRUARY 7, 1958.

PRESENT: Condon, C. J., Roberts, Andrews and Paolino, JJ.

CONDON, C. J. This is a petition for certiorari to review the action of the superior court in entering nil dicit judgments in three actions at law pending before it wherein Dianne Korsak, p.a., Alfred J. Korsak, and Helen Korsak are the plaintiffs and the petitioner here is the defendant. We issued the writ and in compliance therewith the clerk of the superior court has duly certified to this court all the records relating to said cases. We also issued a citation to the plaintiffs to appear and show cause, if any they had, why the prayers of the petition should not be granted. In response thereto they appeared and opposed the granting of the petition.

In their brief they point out that the title of the petition is improper and claim that it should have been entitled American Motorists Insurance Company v. Helen Korsak, Alfred J. Korsak, and Dianne Korsak, p.a. In this they are mistaken. A petition for certiorari to review the action of the superior court in a case pending before it should adopt the title of the case as it appears of record in that court. In such a petition the superior court is the nominal respondent and sometimes petitioners have entitled their petitions by listing that court as the respondent. We disapprove of that practice and desire to discourage it. It is more convenient and practical to use as a title the real parties in interest as they appear in the record of the case certified for review. The instant petition would have been

more appropriately entitled if it had referred to each case separately rather than grouping the several plaintiffs together. However, it is clear from such title that the plaintiffs below are the real respondents here. Consequently we shall hereinafter refer to them as the plaintiffs and to the petitioner as the defendant. Of course the defendant, being the moving party in this court, has the burden of showing that the superior court exceeded its jurisdiction as alleged in the petition.

The controversy between the parties arises out of the following facts. On or about June 29, 1956 the plaintiffs were injured in an accident in which an automobile owned by Wallace J. Miller and operated by Dorothy S. Miller was involved. Each plaintiff sued the Millers in three separate actions of trespass on the case for negligence, but the cases were never filed because the writs were returned by the sheriff *non est inventus*. Thereupon in accordance with the provisions of general laws 1938, chapter 155, §1, plaintiffs brought the following actions against the defendant as the insurer of the aforesaid Wallace J. Miller.

Dianne Korsak, by next friend, brought her action in the district court of the eleventh judicial district on December 6, 1956. The defendant appeared specially and filed a plea in abatement which was sustained, whereupon plaintiff claimed an appeal to the superior court. In that court plaintiff demurred to the plea in abatement which demurrer was sustained and defendant was allowed ten days in which to plead over. Thereafter within such period defendant filed a demurrer which was never assigned for hearing. Notwithstanding that state of the record, plaintiff on August 15, 1957 filed a motion for a nil dicit judgment which was granted without notice to defendant. Upon receiving notice of a further motion by plaintiff for assessment of damages under such judgment, defendant on August 30, 1957 moved to vacate it on the ground that it was illegally entered. On October 9, 1957 that motion was granted.

The plaintiff Alfred J. Korsak brought his action in the superior court on December 6, 1956. The defendant appeared specially and filed a plea in abatement which was denied. Thereafter it filed a demurrer to the declaration which was overruled and defendant was given leave to plead over within ten days. Within such period defendant filed a motion to strike a portion of the declaration which was granted. The plaintiff then filed a motion for a nil dicit judgment which was granted without notice to defendant. Thereupon he filed a motion for assessment of damages thereunder and upon notice thereof defendant filed a motion to vacate the nil dicit judgment which was granted.

The plaintiff Helen Korsak brought her action in the superior court on December 6, 1956 to which defendant appearing specially pleaded in abatement. Such plea was denied and defendant then filed a demurrer to the declaration which was overruled with leave given to plead over within ten days. Within such period defendant moved to strike a portion of the declaration. This motion was denied and defendant filed no further pleas. On August 15, 1957 plaintiff filed a motion for entry of a nil dicit judgment which was granted without notice to defendant. She then filed a motion for assessment of damages thereunder and upon notice thereof defendant moved to vacate such judgment on the ground that it was illegal.

The motions to vacate the judgments in the three cases were heard together in the superior court. In Dianne's case and Alfred's case the motion was granted without conditions. In Helen's case it was granted "upon condition that within five days from the time of the receipt of this rescript the defendant shall pay to the attorney for the plaintiff the sum of $75.00 and on the same date file an appropriate pleading in said case. If these conditions are not met, the order of the Court removing the nil dicit judgment and reinstating the cause shall be of no force or effect."

The defendant alleges in the instant petition that the

superior court acted without authority in entering a nil dicit judgment after an *ex parte* hearing; that it was without jurisdiction to annex the above-quoted condition to its decision vacating such judgment; and that defendant is without adequate remedy to correct such error except by certiorari. The defendant also prayed for a stay of such decision of the superior court until this court heard and determined the issues raised by its petition. We granted such stay upon issuing the writ.

Since the defendant prevailed in Dianne's and Alfred's cases, its petition as to them is clearly without merit and they should not have been cited herein to appear and show cause. Hence the petition as to them is denied and dismissed and the citation is quashed.

In Helen's case the trial justice found that defendant did not file any plea after its motion to strike a portion of the declaration had been denied. He also found that it did not appear in the record that defendant had been given leave to delay further pleading at that time. In the circumstances he concluded that defendant was clearly in default and subject to judgment therefor. The defendant sought to excuse if not justify its failure to plead over by contending that Helen's case was so bound up with or involved in the other two that it should not be held to such strict accountability as to be subjected to a judgment without notice. The trial justice rejected such contention although he recognized some merit in it as a ground for removing the default. However, he was of the further opinion that such relief should be granted the defendant only upon terms and therefore made his decision vacating the judgment subject to the condition objected to by defendant.

We have carefully considered the record and we are of the opinion that the trial justice did not err in annexing such condition to his decision. The defendant was clearly in default in not pleading over promptly after its motion to strike had been denied or in not requesting an extension

of time in which to plead. It is true that to default it for that reason is a stringent application of the rule, but it cannot be successfully contended that it was illegal and beyond the court's jurisdiction. However, in the circumstances its neglect could well be considered excusable by the trial justice in the exercise of his broad discretion to remove defaults, and would warrant vacating the judgment provided no injustice was done thereby to the plaintiff. In exercising his discretion and granting defendant relief, the trial justice rightly took into account the situation in which plaintiff was placed by reason of defendant's neglect, and he sought in some measure to compensate her by attaching the condition objected to.

From our examination of the record, we are satisfied that the superior court has jurisdiction to enter a nil dicit judgment upon failure of the defendant to plead in an answered case. This court has held that the entry of an appearance does not change the status of a case in which no plea has been filed and that for such failure to plead it may become a nil dicit case in which default will be granted. *Pepi* v. *Korn*, R. I., 88 Atl. 537. Hence, entry of the nil dicit judgment in the instant case was not illegal. And the trial justice in annexing a condition to his decision vacating such judgment did not, in our opinion, abuse his discretion.

The petition for certiorari is denied and dismissed and the writ heretofore issued is quashed. The records which were certified in accordance with such writ are returned to the superior court with our decision endorsed thereon, and as of the date of such return the stay of that court's decision heretofore granted is dissolved.

*Francis V. Reynolds, Richard P. McMahon, Bernard W. Boyer,* for petitioner.

*Charles A. Kiernan,* for respondents.