WARWICK MUNICIPAL EMPLOYEES CREDIT UNION *vs.*
RAYMOND E. BERARD.

FEBRUARY 12, 1960.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

PAOLINO, J. This is an action of assumpsit wherein the plaintiff commenced suit by a writ attaching the personal estate of the defendant in the possession of the treasurer of the city of Warwick. The case is before us on the plaintiff's exceptions to the rulings of the superior court denying its motions to charge the garnishee and to enter a nil dicit judgment for the plaintiff.

It appears from the record that the writ was returnable to the district court of the sixth judicial district. The city treasurer, as garnishee, entered an appearance and filed an answer stating in substance that defendant was a former city employee and as such was entitled under a city ordinance to a refund of money which had been deducted from his salary and paid into a retirement fund for city firemen; that at the time of the purported garnishment the amount of the refund to which defendant was entitled was $54.51; that under the provisions of general laws 1956, §9-26-5, no interest of any person in any pension fund for the benefit of firemen was subject to attachment; and that therefore there were no funds in his hands subject to attachment.

The defendant, who had been duly served with process, neither entered an appearance nor filed an answer and was consequently defaulted. Thereafter plaintiff's motion to charge the garnishee was denied by the district court whereupon plaintiff prosecuted an appeal to the superior court.

In the superior court plaintiff filed motions to charge the garnishee and to enter a nil dicit judgment against defendant, and he set them down for hearing on a date prior to assignment day. At such hearing counsel for the garnishee argued that a motion for a nil dicit judgment could not be heard before the assignment day. After the hearing the court denied the motion to charge the garnishee, apparently on the ground that the money in question was not subject to attachment by virtue of §9-26-5. The court also denied the motion for a nil dicit judgment without stating the ground on which it based such ruling.

The plaintiff's exception to the denial of its motion to charge the garnishee is based on its contentions that defendant had no interest in any pension fund or in any pension derivable therefrom within the meaning of §9-26-5 and, even if he had such an interest, the assertion of the claim of exemption by the garnishee was insufficient, since under the statute the person for whose benefit the exemption exists

must personally claim the exemption in order to receive the benefit thereof.

The pertinent language of §9-26-5 is as follows, "No interest of any person in any pension fund or in any pension derivable therefrom, for the benefit of policemen or firemen * * * shall be subject to trustee process or liable to attachment on any writ * * *." This language is clear and presents no ambiguity. In our opinion defendant's undisputed right to a refund of the money which had been deducted from his salary and paid into the pension fund clearly constituted an interest in such fund within the meaning of the statute.

The question remains whether the statute excludes such an interest from attachment or whether, in order to receive the benefit of the statute, the person for whose benefit it exists must personally claim the right thereto.

The statute in question does not set up a method of claiming an exemption. In fact it does not refer to exemptions at all. In this respect the language of §9-26-5 differs materially from the provisions of §9-26-4. Section 4 expressly provides for the exemption of the goods and property therein enumerated. Section 5 contains no similar language, but clearly excludes from trustee process or attachment the interest of any person in the pension fund therein described. By virtue of said section the interest of defendant was not liable to attachment and the purported attachment of the money in question was therefore invalid. Since the money in question is not subject to attachment, it necessarily follows that there is no requirement under §9-26-5 compelling the person for whose benefit the statute exists to personally claim such benefit. *Sherrible* v. *Chaffee,* 17 R. I. 195, cited by plaintiff, and *McKenna* v. *Lucas,* 21 R. I. 509, cited by garnishee's counsel, are not in point. Those cases are not only factually different from the case at bar, but, what is more important, they do not involve §9-26-5. The second exception is overruled.

We come now to plaintiff's first exception under which

it contends that the court erred in denying its motion for the entry of a nil dicit judgment. This was unquestionably a nil dicit case since defendant had neither entered an appearance nor pleaded to plaintiff's writ in either the district or superior court. Counsel for the garnishee contends that a motion for a nil dicit judgment is not in order for hearing until the assignment day and that such is the practice in the superior court. He points to certain language in *Korsak* v. *American Motorists Ins. Co.*, 87 R. I. 89, 138 A.2d 419, and *Pepi* v *Korn*, R. I., 88 Atl. 537, to support his claim that there is a distinction between a default judgment and a nil dicit judgment.

The plaintiff on the other hand contends that in the circumstances of this case the superior court was required by G. L. 1956, §9-21-1, to enter a nil dicit judgment for plaintiff since the writ was neither answered nor pleaded to by defendant and was therefore a defaulted case within the meaning of that section. The pertinent provision thereof reads, "Upon default or submission of the defendant in any case at law, judgment shall be entered at any time thereafter on ex parte motion and proper proof of claim."

It is our opinion that under §9-21-1 the superior court was required to enter a judgment for the plaintiff and its failure to do so was error. *Mathewson* v. *Lewis*, 33 R. I. 398. While it is true that some distinctions have been noted between a judgment by default and a nil dicit judgment, such distinctions are not material and do not nullify the clear mandate of §9-21-1. See 49 C.J.S. Judgments §187.

The plaintiff's second exception is overruled, its first exception is sustained, and the case is remitted to the superior court with direction to enter judgment for the plaintiff upon proper proof of claim.

*Pontarelli & Berberian, Aram K. Berberian,* for plaintiff.

*Ralph T. Lewis, Jr.,* City Solicitor, *Donald P. Ryan,* Assistant City Solicitor, for Garnishee.