PETITION FOR TRIAL OF JOSEPH B. WELLS.
PETITION FOR TRIAL OF JOSEPH B. WELLS.

JANUARY 13, 1964.

PRESENT: Condon, C. J., Roberts, Powers and Joslin, JJ.

JOSLIN, J.   These are petitions for trials which were filed in this court pursuant to G. L. 1956, §9-21-4, within one year after entry of judgment by default against the petitioner in the superior court.   Each is an action at law, the first having been brought by Betty Ann Jakubiak v. Joseph B. Wells, No. 164548, and the second by Stanley J. Jakubiak v. Joseph B. Wells, No. 164549.   In compliance with the citation, the superior court has certified the papers in each case to this court.

The petitioner seeks relief under the statute on the grounds that by reason of accident, mistake, or unforeseen cause he did not have his day in court and that he has meritorious defenses to the actions brought against him. The cases were consolidated for hearing before us.   Since the issues are the same in each case, we shall refer only to the petition in which Betty Ann Jakubiak is respondent but our conclusions shall apply equally to both cases.

The action is trespass on the case for negligence for injuries which respondent allegedly suffered when the car by which she was standing was struck by an automobile operated by petitioner.   The case was defaulted because it was unanswered and judgment for $8,000 was entered for the plaintiff, respondent here.   Thereafter this petition was filed.

The affidavit of petitioner sets forth that shortly after the accident he related all the facts concerning it to a representative of the carrier insuring him against liability for damages arising from motor vehicle accidents; that he signed an accident report at the offices of said company; and that thereafter a representative of the company advised him that he "was protected, and that the company would take care of any matter arising out of the said accident."

The affiant further acknowledges due service upon him of a writ commencing the instant suit, states that he lost the writ, and makes no averment that his insurance com-

pany was ever notified by him of the commencement of suit or that there was any communication between them other than that hereinbefore referred to. The respondent both in her brief and oral argument admits that she was in communication with petitioner's insurance company both prior and subsequent to the default judgment.

If petitioner is to be granted a trial, it must be on the ground of unforeseen cause. His failure to appear and defend was clearly not an accident, and if it was occasioned by mistake it was of law rather than fact for which no relief can be granted. *McKeough* v. *Gifford,* 30 R. I. 192.

Although the statute is to be interpreted literally, we have a wide discretion in determining whether unforeseen cause exists and we will grant a defaulted party a trial whenever we can "reasonably do so in order that no person should be deprived of his day in court unless through some fault peculiarly his own." *Ktorides* v. *Kazamias,* 75 R. I. 465, 469. Whether the fact situation here is such as to warrant the exercise of our discretion is to be resolved with liberality. *Petition of deBrabant,* 96 R. I. 61, 188 A.2d 901, and in deciding whether petitioner should be granted relief we will exercise "great leniency." *Densereau* v. *Saillant,* 22 R. I. 500.

It is generally held that a default judgment should be vacated when a defaulted party has notified his insurer of the commencement of suit against him and has relied, to his detriment, on its undertaking to defend. *Dalton* v. *Alexander,* 10 Ill. App.2d 273; *Hinz* v. *Northland Milk & Ice Cream Co.,* 237 Minn. 28; *Scott* v. *McEwing,* 337 Pa. 273; *Newton* v. *De Armond,* 60 Cal. App. 231; *Pelegrinelli* v. *McCloud River Lumber Co.,* 1 Cal. App. 593; 30A Am. Jur., Judgments, §665, p. 634. To grant petitioner the relief he seeks requires an extension of the general rule. In our opinion to do so in the peculiar circumstances of this case is appropriate especially since no injustice will result

to respondent. See *Daniel* v. *Morgan,* Ky., 244 S.W.2d 752.

The petitioner according to his affidavit has never been involved in litigation or law suits and has no knowledge of legal procedures. He promptly notified his carrier that he had been involved in an accident and was assured that his rights would be protected. Moreover, he states in his affidavit that he believed the company knew of "the actions [commencement of suits] taken by the plaintiff herein." Caution for the preservation of his interests should have dictated that he do more than he did. We cannot, however, say that he as a lay person was unreasonable either in the belief that the company which insured him had notice of the commencement of the suit against him or in the expectation that having been advised, it would act on his behalf.

The exercise of our discretion in this instance is influenced in large measure by the actions of respondent in the prejudgment phases of this proceeding. She dealt with the insurance company both before and after the commencement of her suit. She advised it of each and every stage of the proceedings. She attempted unsuccessfully to induce it to answer the case and notified it of the date of its assignment on proof of claim in the superior court. Her course of conduct indicates that she considered the insurance company to be the real, though not the legal, defendant and is warrant for us to exercise great leniency in petitioner's behalf especially since respondent does not contend that such action on our part will either prejudice her or deprive her of any advantage to which she might otherwise be entitled. See *Johnson* v. *McIntyre,* 80 Idaho 135, 139.

The respondents, however, should not be made to suffer because we have afforded relief to petitioner. They should be reimbursed for the expense of the proceedings in the

superior court wherein petitioner was defaulted as well as for the expense of preparing a brief and appearing in this court. See *Ktorides* v. *Kazamias, supra.*

The petition for a trial in M. P. No. 1552 is granted provided the petitioner shall pay the respondent's costs and a counsel fee of $400 on or before January 27, 1964; otherwise the petition is denied and dismissed.

The petition for a trial in M. P. No. 1553 is granted provided the petitioner shall pay the respondent's costs and a counsel fee of $100 on or before January 27, 1964; otherwise the petition is denied and dismissed.

The certified papers in each case are returned to the superior court with our decision endorsed thereon.

*Louis Baruch Rubinstein, Leo Sonkin,* for petitioner.

*James Cardono,* for respondents.