241 A.2d 806.

THE SAVINGS BANK OF NEWPORT *vs.*
RAYMOND H. HAWKSLEY *et al.* (RE: PROVIDENCE
INSTITUTION FOR SAVINGS).

THE SAVINGS BANK OF NEWPORT *vs.*
RAYMOND H. HAWKSLEY *et al.* (RE: OLD STONE
TRUST COMPANY).

APRIL 29, 1968.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PAOLINO, J. These actions were before us recently in *Newport National Bank* v. *Providence Institution for Savings,* 101 R. I. 614, 226 A.2d 137, in which we held that they were "contested" cases and that the petitioners[1] were persons "aggrieved" within the meaning of G. L. 1956, §42-35-15, of the Administrative Procedures Act. We remanded the cases to the superior court for further proceedings in accordance with our opinion. The trial justice who heard them on the merits thereafter rendered a decision and, on July 17, 1967, entered a judgment based thereon affirming the decision of the board of bank incorporation granting certificates to establish banking offices in the city of Newport to the Providence Institution for Savings and Old Stone Trust Company.

On August 8, 1967, petitioner filed a notice of appeal to this court, in accordance with the rules of civil procedure of the superior court, from the judgment entered on July 17, 1967. Thereafter, on September 25, 1967, we granted defendants' motion to dismiss such appeal on the ground that appeals in such cases can only be taken pursuant to the provisions of §42-35-16, as amended, and that the only review provided thereunder is by a petition for a writ of certiorari filed within seven days of the date of entry of judgment.

On September 5, 1967, petitioner moved to file, out of time, a petition for a writ of certiorari in accordance with the provisions of §42-35-16, as amended. The petitioner based such motion on the ground that through mistake,

---

[1]The Savings Bank of Newport was one of three petitioners in 226 A.2d 137. Although the instant proceedings involve two actions, one against The Providence Institution for Savings and the other against The Old Stone Trust Company, we shall treat them as one. We shall refer to The Savings Bank of Newport as the "petitioner."

inadvertence and excusable neglect it failed to realize that §42-35-16 had been amended and on the further ground that the time limit of seven days is unreasonable and therefore void.

The defendants filed a memorandum in opposition to petitioner's motion. After considering the memoranda of the opposing parties we entered an order on September 25, 1967, granting petitioner's motion and ordered the writ to issue forthwith. Our order, however, provided that the motion be :

"* * * granted without prejudice to the right of the defendants at the time of hearing to argue *first,* the question of whether the writ was improvidently issued and *second,* the merits of the case."

Accordingly, we address ourselves initially to the procedural issue before us. We refer briefly to the legislative history of §42-35-16. As originally enacted by P. L. 1962, chap. 112, sec. 1, it provided as follows:

"Appeals.—An aggrieved party may obtain a review of any final judgment of the superior court under this chapter by appeal to the supreme court. The appeal shall be taken as in other civil cases."

At the January 1966 session of the general assembly §42-35-16 was amended by P. L. 1966, chap. 213, to provide for review by the supreme court by certiorari. Section 42-35-16, as amended, reads as follows:

"Review by supreme court.—Any party in interest, if aggrieved by a final judgment of the superior court rendered in proceedings brought under section 42-35-15, may, within seven days from the date of entry of such judgment, petition the supreme court of the state of Rhode Island for a writ of certiorari to review any questions of law involved. The petition for a writ of certiorari shall set forth the errors claimed. Upon the filing of such a petition with the clerk of the supreme court, the supreme court may, if it sees fit, issue its writ of certiorari to the superior court to certify to the supreme court the record of the administrative proceed-

ing under review, or so much thereof as was submitted to the superior court by the parties, together with any additional record of the proceedings in the superior court."

Section 2 of the amended act reads as follows:

"This act shall take effect on January 1, 1967, and shall apply to all cases then pending for review in the superior court as to which a final judgment has not been entered, and on and after January 1, 1967, all acts and parts of acts inconsistent herewith shall stand repealed."

It is undisputed that §42-35-16, as amended, is the controlling statute governing an appeal to the supreme court from final judgments of the superior court in proceedings for review under the administrative procedures act. Under the amended statute an appeal to this court is no longer a matter of right, as it was prior to the amendment; as amended, §42-35-16 vests this court with discretionary power in issuing a writ of certiorari. However the statute expressly provides for the filing of a petition for the writ "* * * within seven days from the date of entry of * * *" the judgment entered in the superior court. The petitioner has admittedly failed to comply with this requirement of the statute, which, in our judgment, is a condition precedent to the exercise of discretion by this court.

The petitioner, however, contends that it should be excused from having to comply with said condition precedent because through mistake, inadvertence and excusable neglect it failed to realize that §42-35-16 had been amended and consequently took an appeal in accordance with the law in effect prior to the amendment.

The petitioner's mistake in failing to comply with §42-35-16 was one of law. In such circumstances, it is not en-

titled to the relief it claims. As the court said in *Petition for Trial of Wells,* 97 R. I. 178, 181, 196 A.2d 721, 722:[2]

> "* * * His failure to appear and defend was clearly not an accident, and if it was occasioned by mistake it was of law rather than fact for which no relief can be granted. * * *"

Nor can petitioner's error be deemed one of excusable neglect. As the court pointed out in *King* v. *Brown,* 103 R. I. 154, 235 A.2d 874 at page 875:[3]

> "* * * a client should not be relieved of a default judgment resulting from the failure of his selected counsel to comply with procedural requirements, unless it is first factually established that his neglect was occasioned by some extenuating circumstances of sufficient significance to render it excusable. * * *"

In our opinion petitioner's explanation is not of sufficient significance to render its failure to comply with the procedural requirements of §42-35-16, as amended, excusable.

We come next to petitioner's contention that the seven-day period within which it was required to file its petition is unreasonable, thereby making the amended act null and void. The petitioner has cited no authority, and we have found none, to support this argument. In our judgment there is no merit in this contention.

No citation of authority is necessary to support the proposition that the legislature has the authority to set time limits regulating judicial procedures in the administration of justice. Such time limits are necessary not only for the orderly and efficient administration of the judicial system, but also to provide finality to litigation. We find

---

[2]This case involved G. L. 1956, §9-21-4, wherein accident, mistake, or unforeseen cause may be grounds for relief, where no trial has been had, from a judgment rendered by the superior court on involuntary dismissal, default or report of referees.

[3]This case involved G. L. 1956, §9-21-2, as amended, and rule 60 (b) of the rules of civil procedure of the superior court wherein mistake, inadvertence, surprise, or excusable neglect may be grounds for obtaining relief from a final judgment, order, decree or proceeding.

nothing unreasonable in the provision of §42-35-16, as amended, requiring that the petition be filed within seven days from the date of entry of judgment.

For the reasons stated we hold that the writ of certiorari was improvidently issued. In the circumstances we do not reach the merits of the case before us.

The writ heretofore issued is quashed, and the petition for certiorari is denied.

*Corcoran, Peckham & Hayes, William W. Corcoran,* for petitioner.

*Higgins, Cavanagh & Cooney, John P. Cooney, Jr.,* for respondents.