249 A.2d 100.

DORIS G. MADISON *vs.* RHODE ISLAND BOARD OF REVIEW OF DEPARTMENT OF EMPLOYMENT SECURITY.

JANUARY 22, 1969.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PER CURIAM. This is an employee's petition for benefits under the Employees Security Act. After an adverse decision within the Department of Employment Security, the employee appealed to the superior court. That court gave its approval to the prior administrative determination and entered judgment denying the application for unemployment benefits. The case is now here on the employee's appeal.

It is now settled beyond question that review of administrative determinations made within the Department of Employment Security are governed by the appellate pro-

cedures of the Administrative Procedures Act,[1] *Cahoone* v. *Board of Review,* 104 R. I. 503, 246 A.2d 213, and that a person claiming aggrievement by a superior court judgment in a matter falling within the purview of that act cannot appeal to this court as of right, but must under §42-35-16, as amended, instead invoke its discretion by applying for a writ of certiorari within seven days of the superior court judgment. Compliance with the requirements is a condition precedent to the exercise of discretion by this court. *Savings Bank of Newport* v. *Hawksley,* 103 R. I. 741, 744, 241 A.2d 806, 808; *Rebello* v. *Registry of Motor Vehicles,* 104 R. I. 518, 519, 247 A.2d 311, 312.

The petitioner's appeal is denied and dismissed and the judgment appealed from is affirmed.

*David J. Kehoe,* for petitioner-appellant.

*Aaron S. Helford,* for respondent-appellee.

---

[1]Insofar as here pertinent G. L. 1956, §42-35-15, as amended, reads:

"(a) Any person who has exhausted all administrative remedies available to him within the agency, and who is aggrieved by a final decision in a contested case is entitled to judicial review under this chapter. This section does not limit utilization of or the scope of judicial review available under other means of review, redress, relief, or trial de novo provided by law. Any preliminary, procedural, or intermediate agency act or ruling is immediately reviewable in any case in which review of the final agency decision would not provide an adequate remedy.

"(b) Proceedings for review are instituted by filing a complaint in the superior court of Providence county within thirty (30) days after mailing notice of the final decision of the agency or, if a rehearing is requested, within thirty (30) days after the decision thereon * * * ."