275 A.2d 280.

PORTSMOUTH EDUCATION ASSOCIATION *vs.* RHODE ISLAND STATE LABOR RELATIONS BOARD.

PORTSMOUTH EDUCATION ASSOCIATION *vs.* RHODE ISLAND STATE LABOR RELATIONS BOARD.

MARCH 25, 1971.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PER CURIAM. These are two appeals taken by the Portsmouth Education Association from an order of the Superior Court upholding the decision and order of the Rhode Island State Labor Relations Board, in which that Board had found that the School Committee of the Town of Portsmouth was not guilty of an unfair labor practice as

charged by the plaintiff. It appears from the record that on July 17, 1970, a justice of the Superior Court entered an order upholding the decision and order of the Board. Thereafter, on July 21, the plaintiff prosecuted its appeals therefrom to this court.

When the Administrative Procedures Act was enacted, P. L. 1962, chap. 112, sec. 1, it provided for review of the judgments of the Superior Court by way of an appeal. Any person aggrieved by such a judgment could obtain a review thereof taken by an appeal as in any other civil action. However, the Legislature in P. L. 1966, chap. 213, sec. 1, amended the method for obtaining a review of a Superior Court judgment under the Administrative Procedures Act. This amendment became effective on January 1, 1967, and has remained in effect since then. General Laws 1956 (1969 Reenactment) §42-35-16, now provides that anyone aggrieved by a judgment of the Superior Court made on a case arising out of the Administrative Procedures Act "* * * may, within seven (7) days from the date of entry of such judgment, petition the supreme court of the state of Rhode Island for a writ of certiorari to review any questions of law involved."

In *Savings Bank of Newport* v. *Hawksley,* 103 R. I. 741, 241 A.2d 806, the court said that because of this amendment an appeal to the Supreme Court for a review of a judgment of the Superior Court in this area is no longer a matter of right as it was prior to the amendment. The amendment vests this court with discretionary power in the issuance of a writ of certiorari petitioned for within seven days of the entry of judgment. The record discloses that the plaintiff in this case did not petition for a writ of certiorari and, therefore, has failed to comply with a basic statutory procedure controlling the procurement of a review of disputed decisions in this court. In these circumstances we do not reach the merits of the order of the Su-

perior Court in these cases. *Savings Bank of Newport* v. *Hawksley, supra; Rebello* v. *Registry of Motor Vehicles,* 104 R. I. 518, 247 A.2d 311.

The appeals of the plaintiff are denied and dismissed, and the order of the Superior Court is affirmed.

*Timothy J. McCarthy,* for plaintiff.

*James M. Jeru,* for defendant.