313 A.2d 654.

VIOLA JAMES *vs.* MELROSE REALTY CO.

JANUARY 8, 1974.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

587

JOSLIN, J. This civil action for damages sustained as a result of the defendant's alleged negligence was reached for trial before a judge and jury in the Superior Court on October 8, 1971. At the conclusion of testimony the trial justice reserved decision on the defendant's motion for a directed verdict and submitted the case to the jury. On October 12, 1971, the jury returned a plaintiff's verdict of $26,000. Two days later the reserved motion for a direction was granted and judgment was entered for the defendant.

Thereafter on October 19, 1971, defendant conditionally moved for a new trial which, after a delay of almost ten months, was granted on August 8, 1972. The plaintiff, who had not yet claimed an appeal, then did so without awaiting the entry of an order embodying the decision to grant

**588**

the conditional motion.[1] That appeal was followed by defendant's motion to dismiss on the ground that the appeal had not been timely claimed. It was granted and the case now before us is the plaintiff's appeal from that dismissal.

In the view we take of the case the single question is whether the full time for appeal commenced to run and is to be computed from the entry of the order granting the reserved motion for a direction or from that granting the conditional motion for a new trial.

The answer is found in Super. R. Civ. P. 73(a).[2] In clear and unambiguous language it provides that the time within which the appeal to this court should have been taken was 20 days from the entry of the judgment granting defendant's motion for a directed verdict on which the trial justice had reserved decision pursuant to Rule 50(b).

---

[1] If plaintiff's premature action in appealing prior to the entry of an order granting the conditional motion were decisive, we would follow our customary practice of allowing the appeal to proceed after remand for entry of a nunc pro tunc judgment. *Boudreau* v. *Holzer,* 109 R. I. 81, 280 A.2d 88 (1971); *Metts* v. *B. B. Realty Co.,* 108 R. I. 55, 271 A.2d 811 (1970); *Malinou* v. *Kiernan,* 105 R. I. 299, 251 A.2d 530 (1969).

[2] Rule 73(a) was in effect at all times material to this case. It has since been superseded by Rule 4 of the rules of this court. In pertinent part it provided:

"When an appeal is permitted by law from the Superior Court to the Supreme Court the time within which an appeal may be taken shall be 20 days from the entry of the judgment appealed from unless a different time is provided by law * * *. The running of the time for appeal is terminated by a timely motion made pursuant to any of the rules hereinafter enumerated, and the full time for appeal fixed in this subdivision commences to run and is to be computed from the entry of any of the following orders made upon a timely motion under such rules: granting or denying a reserved motion under Rule 50(b); or granting or denying a motion under Rule 52(b) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; or granting or denying a motion under Rule 59 to alter or amend the judgment; or granting or denying a motion for a new trial under Rule 59."

The plaintiff asks us to read this provision not as written, but as if the draftsman had inadvertently omitted a Rule 50(c) motion from the enumeration of those motions (see note 2 *supra*) which, if timely, toll the period for claiming an appeal. Not to include that motion within the enumeration, plaintiff asserts, would have required separate appeals from the judgment granting the reserved motion for a directed verdict as well as from the order granting a conditional new trial. This court would then have two cases before it and such a result, she says, would have thwarted the purpose of Rules 50(b) and (c) which, like that of their precursor, Superior Court Rule 46, "* * * is to bring all justiciable issues in the case before this court in one proceeding * * *." *Turenne v. Carl G. Olson Co.*, 94 R. I. 177, 184, 179 A.2d 323, 327 (1962).

The obvious answer to that assertion is that there was no necessity for two separate claims of appeal. All Rule 73(a) required was that plaintiff claim an appeal from the judgment on the reserved motion. Had she then made that claim, it would have sufficed to bring to this court the subsequent ruling on the conditional motion for a new trial, and dispelled her fears that the purpose of Rules 50(b) and (c) would be frustrated were we to read Rule 73(a) as written. 1 Kent, *R. I. Civ. Prac.* §50.4 at 373 (1969).

True, the delay of approximately ten months between the entries of the orders disposing of the reserved motion and the conditional motion might have inconvenienced or even burdened the plaintiff by requiring her to apply under Rules 75(e) and 75(g) for extensions of time within which to transmit the record on appeal. But inconvenience to a litigant has never been considered a sound reason for disregarding unmistakably clear and plain language which expresses a definite and sensible meaning. *State v. Ricci*, 107 R. I. 582, 588-89, 268 A.2d 692, 696 (1970); *Town of*

*Lincoln* v. *Cournoyer,* 95 R. I. 280, 285-86, 186 A.2d 728, 731 (1962).

The plaintiff's appeal from the order dismissing her claim of appeal is denied and dismissed, the order appealed from is affirmed, and the case is remitted to the Superior Court for further proceedings.

*Kirshenbaum Law Offices, Inc., Allen M. Kirshenbaum, Sanford M. Kirshenbaum,* for plaintiff.

*Edwards & Angell, Richard M. Borod,* for defendant.