365 A.2d 435.

ARTHUR L. DUFFY, JR. *et al. vs.* RHODE ISLAND
STATE PILOTAGE COMMISSION.

NOVEMBER 5, 1976.

PRESENT: Joslin, Kelleher and Doris, JJ.

JOSLIN, J. In 1973, Arthur L. Duffy, Jr. and Carl T. Ohrn, Jr. applied to the State Pilotage Commission (the commission) for licenses to pilot vessels on Rhode Island waters. The commission denied licensure because neither applicant satisfied G. L. 1956 (1970 Reenactment) §46-9-8's requirement for residence in this state for at least 5 years

prior to application,[1] and for the additional reason that in its judgment one applicant was not "of good character." Each applicant thereupon appealed to the Superior Court, where the cases were consolidated. After a hearing before a trial justice, judgments were entered reversing the commission's decision as to each application. The grounds were two-fold. One was that §46-9-8's durational residency requirement was repugnant to the federal constitutional right to travel from state to state; the other, that the commission erred in its finding of lack "of good character." The commission appealed from those judgments.

More than 20 days after the expiration of the time for filing a claim of appeal, the commission, recognizing the potential deficiency of the vehicle selected by it for seeking review in this court, moved that its notices of appeal be amended "to be read as a Petition for a Writ of Certiorari." We granted the motion and issued the writ, without prejudice to the applicants' right to argue at the hearing on the merits that we had acted improvidently in so doing. *Duffy* v. *R. I. State Pilotage Comm'n,* 114 R. I. 941, 334 A.2d 425 (1975).

At oral argument the applicants availed themselves of that reserved right. In support of their argument that the controlling statute[2] precludes review by us in this case,

---

[1] In pertinent part G. L. 1956 (1970 Reenactment) §46-9-8 reads as follows:

"Every person who shall apply after April 27, 1956 for a license to act as a pilot in the waters of this state shall be a citizen of the United States; [and] shall have resided in this state for the period of at least five (5) years prior to the filing of his application * * *."

[2] General Laws 1956 (1969 Reenactment) §42-35-16, as amended by P. L. 1972, ch. 169, §30 provides:

"Any party in interest, if aggrieved by a final judgment of the superior court rendered in proceedings brought under §42-35-15, may, within twenty (20) days from the date of entry of such judgment, petition the supreme court of the state of Rhode Island for a writ of certiorari to review any questions of law involved. The petition

they rely on an unbroken line of cases holding that a person aggrieved by a final judgment of the Superior Court in a case arising under the Administrative Procedures Act, ch. 35 of title 42, cannot obtain review in this court as a matter of right by claiming an appeal but must instead invoke our discretion by applying for a writ of certiorari within 20 (formerly 7) days following the entry of the judgment sought to be reviewed. *Portsmouth Educ. Ass'n* v. *Rhode Island State Labor Relations Bd.*, 108 R. I. 342, 275 A.2d 280 (1971); *Clark* v. *Fascio,* 106 R. I. 751, 264 A.2d 317 (1970); *Pelletier* v. *Williamson,* 105 R. I. 633, 254 A.2d 90 (1969); *Madison* v. *Rhode Island Bd. of Review of Dep't of Employ. Sec.,* 105 R. I. 69, 249 A.2d 100 (1969); *Rebello* v. *Registry of Motor Vehicles,* 104 R. I. 518, 247 A.2d 311 (1968); *Savings Bank* v. *Hawksley,* 103 R. I. 741, 241 A.2d 806 (1968).

The commission nonetheless argues that to insist upon the enforcement of our established rule will, at least for the moment, prevent appellate review of an important constitutional question. But this result could have been avoided had the Attorney General, the commission's counsel throughout these proceedings, invoked the certification procedure provided for by G. L. 1956 (1969 Reenactment) §9-24-27[3] and thereby, without necessity for awaiting the

for a writ of certiorari shall set forth the errors claimed. Upon the filing of such a petition with the clerk of the supreme court, the supreme court may, if it sees fit, issue its writ of certiorari to the superior court to certify to the supreme court the record of the administrative proceeding under review, or so much thereof as was submitted to the superior court by the parties, together with any additional record of the proceedings in the superior court."

[3]The relevant part of G. L. 1956 (1969 Reenactment) §9-24-27 provides:
"Whenever in any proceedings, civil or criminal, legal or equitable, in the superior court or in any district court * * * the constitutionality of an act of the general assembly shall be brought in question upon the record, which in the opinion * * * of the attorney-general, if the state be a party to such proceeding * * * is of such doubt

outcome of the case in the Superior Court, had the constitutional issue determined by this court. *Opinion to the House of Representatives*, 88 R. I. 396, 149 A.2d 343 (1959); *Opinion to the Governor*, 88 R. I. 392, 149 A.2d 341 (1959).

The commission also contends that at the time it claimed its appeal the Attorney General had only been in office for several weeks and had inherited from the previous administration a "chaotic" filing system in the civil division as well as a "great number of cases requiring immediate attention * * *." But those conditions, though certainly not ideal, are not analogous to those in *Hester* v. *Timothy*, 108 R. I. 376, 275 A.2d 637 (1971), where we held that common law "* * * certiorari may be used to review a case where it appears that a person's right of appeal has been lost because of illness or some accident for which he was not responsible. *MacKenzie & Shea* v. *R. I. Hospital Trust Co.*, 45 R. I. 407, 122 A. 774."⁴ *Id.* at 383-84, 275 A.2d at 641.

In short, the commission has not persuaded us that in these circumstances we should depart from our established rule by articulating its claim of appeal as a petition for a

and importance, and so affects the merits of the controversy that it ought to be determined by the supreme court before further proceedings, the court in which the cause is pending shall certify such question or motion to the supreme court for that purpose and stay all further proceedings until the question is heard and determined * * *."

⁴In *Hester* v. *Timothy*, 108 R. I. 376, 275 A.2d 637 (1971), a statutory petition for certiorari in a zoning case, although properly addressed to the clerk of this court, was mistakenly delivered by the mailman to the clerk of the Superior Court. That error was then compounded by the striking of the words "Supreme Court" from the title of the petition and substituting therefor the words "Superior Court." By the time these errors were discovered, the petition, although originally timely and in proper form, was no longer so, and in those circumstances we overlooked the deficiencies and articulated the petition as if it were for common law certiorari.

writ of certiorari, or that we should for any other reason hold that this case is properly here. Accordingly, we reject its request for review without reaching the merits.

The writ of certiorari heretofore isssued is quashed as having been improvidently granted; the commission's appeal, to the extent it retains that character, is denied and dismissed; and the papers in the case are remanded to the Superior Court.

Mr. Chief Justice Bevilacqua and Mr. Justice Paolino did not participate.

*Martin Malinou,* for plaintiffs-respondents.

*Julius C. Michaelson,* Attorney General, *Ronald A. Dwight,* Special Asst. Attorney General, for defendant-petitioner.