396 A.2d 936.

THE BRISTOL SCHOOL DEPARTMENT *vs.* BOARD OF REGENTS FOR EDUCATION.

JANUARY 17, 1979.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher, Doris and Weisberger, JJ.

JOSLIN, J. In February 1971, Jeannine C. Mills, a tenured schoolteacher in the Bristol School system, was notified by the Bristol School Committee that she would not be reappointed for the 1974-75 school year.[1] She appealed first to the Commissioner for Education, who ruled against her, and then to the Board of Regents for Education, which reversed the commissioner and ordered the school committee to reinstate her with backpay and benefits. The school committee then appealed to the Superior Court, which (1) dismissed the appeal for want of subject matter jurisdiction, and (2) granted the teacher's counterclaim wherein she asked that a writ of mandamus issue ordering her reinstatement with backpay and benefits. The case is now here on the school committee's appeal from the Superior Court's decision.[2]

---

[1] The caption of this case before the Commissioner of Education and the State Board of Regents for Education was *Jeannine C. Mills v. School Committee of the Town of Bristol* and that caption should have been retained in the Superior Court and in this court. *See Korsak v. American Motorists Insurance Co.,* 87 R.I. 89, 90, 138 A.2d 419, 420 (1958); *M. & L. Die & Tool Co., Inc. v. Board of Review,* 76 R.I. 417, 419, 71 A.2d 511, 512 (1950).

[2] The school committee appealed prior to the entry of judgment and was therefore premature. *East Providence Credit Union v. Brown,* 104 R.I. 92, 242 A.2d 428 (1968). To avoid the delay which would result if strict compliance with the rule were required, however, we sua sponte remanded the papers to the Superior Court for entry of judgment *nunc pro tunc. James v. Melrose Realty Co,* 112 R.I. 586, 588 n.1, 313 A.2d 654, 655 n.1 (1974); *Boudreau v. Holzer,* 109 R.I. 81, 82-83, 280 A.2d 88, 90 (1971).

■    The appeal, at least insofar as it relates to the original action, falters at the threshold because access to this court for judicial review in cases arising under laws relating to schools or education[3] can only be gained by petitioning for a common-law writ of certiorari and not by filing a claim of appeal. *Jacob* v. *Board of Regents for Education*, 117 R.I. 164, 165 n.1, 365 A.2d 430, 431 n.1 (1976); *Slattery* v. *School Committee*, 116 R.I. 252, 261, 354 A2d 741, 746 (1976); *Latham* v. *State Department of Education*, 116 R.I. 245, 250, 355 A.2d 400, 403 (1976); *Schiavulli* v. *School Committee*, 114 R.I. 443, 446, 334 A.2d 416, 417 (1975); *Jacob* v. *Burke*, 110 R.I. 661, 670, 296 A.2d 456, 461 (1972). The school committee's failure to comply with this basic and well-established procedure for invoking our jurisdiction in this kind of case is fatal to its appeal, and we dismiss it without reaching the merits. *See Portsmouth Education Association* v. *State Labor Relations Board*, 108 R.I. 342, 343-44, 275 A.2d 280, 281 (1971); *Madison* v. *Board of Review of Department of Employment Security*, 105 R.I. 69, 69-70, 249 A.2d 100, 101 (1969); *Rebello* v. *Registry of Motor Vehicles*, 104 R.I. 518, 519, 247 A.2d 311, 312 (1968).

■    What remains to be decided is whether dismissal of the school committee's original claim forecloses us from adjudicating its appeal from the Superior Court judgment granting the teacher's counterclaim for mandamus.

This question was neither briefed nor argued by the parties, and our own research has produced little in our case law that is helpful. In the circumstances, we believe that the interests of all concerned will best be served by ordering the parties to brief and argue that open question.

The Bristol School Committee's appeal with respect to the Superior Court's rejection of its original claim is denied and dismissed, and the judgment entered thereon is sustained. We defer decision on whether the Superior Court erred in granting the teacher's counterclaim for mandamus pending

---

[3]General Laws 1956 (1969 Reenactment) §16-39-2.

briefing and argument on that question by the parties. The school committee's brief shall be filed on or before February 15, 1979, and the teacher's within 30 days after the filing of the school committee's. The case will then be placed on the argument list. Pending briefing and reargument, we retain jurisdiction in this case.

*Anthony R. Berretto,* for appellant.

*Natale L. Urso, Thomas J. Liguori, Jr.,* for Jeannine C. Mills, appellee.