WILLIAM E. POWERS, *Atty. Gen., ex rel.* DEPARTMENT OF EMPLOYMENT SECURITY *vs.* SUPERIOR COURT.

AUGUST 13, 1951.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

O'CONNELL, J.   This is a petition for certiorari brought by William E. Powers, attorney general, *ex rel.* department of employment security of Rhode Island, praying that the records of the superior court denying a motion to quash a subpoena *duces tecum* in the suit of Edna J. Holland v. Francis J. Holland, Divorce No. 55784, now pending in said court, or so much thereof as is illegal, may be quashed. The writ was issued and pursuant thereto all pertinent records were certified to this court.

The original divorce petition in the above-mentioned case was filed in the superior court on January 26, 1950.   The grounds therein set forth are extreme cruelty and neglect to provide.   In preparation for the hearing of such case on the merits, the respondent in that case petitioned the superior court for a subpoena *duces tecum* directed to Thomas H. Bride, administrator of the department of employment security, ordering and directing him, in his capacity as such administrator, to appear before said court at a date specified therein, and to have with him the records of his department pertaining to unemployment and cash sickness payments made to said Francis J. Holland during the year 1949 on 1948 earnings, and also the medical records and reports concerning the said Francis J. Holland.   The production of such records was sought by Holland, as

respondent in the divorce case, to aid in his defense against the charge of nonsupport. The subpoena was issued as prayed and was duly served upon the said Thomas H. Bride as such administrator.

The latter did not appear in person in the superior court as directed, but was represented by counsel who filed a motion to quash the subpoena *duces tecum* theretofore issued. After hearing, this motion was denied and the attorney general at the relation of the department of employment security has brought the instant petition for certiorari to review the action of the superior court in denying such motion to quash.

The petitioner contends that under the provisions of the Rhode Island "Employment Security Act" and the Rhode Island "Cash Sickness Compensation Act," the information ordered to be produced by the subpoena *duces tecum* is confidential and that the superior court is therefore without power or jurisdiction to order its production in a case in which the administrator is not a party.

In support of this contention it cites the following provisions of the acts above referred to:

"Employment Security Act," public laws 1949, chap. 2175, sec. 11(5):

"Sec. 11. *Administration.* * * *

(5) *Records and Reports.* Every employer and every employing unit employing any person in employment in this state shall keep true and accurate employment records of all persons employed by him, and of the weekly hours worked for him by each, and of the weekly wages paid by him to each such person; and every employer and employing unit shall keep records containing such other information as the administrator may prescribe. Such records shall at all times be available within this state and shall be open to inspection by the administrator or his authorized representatives at any reasonable time and as often as the administrator shall deem necessary. The administrator may require from any employer, or employing unit, employ-

ing any person in this state, any reports covering persons employed by him, on employment, wages, hours, unemployment and related matters which the administrator deems necessary to the effective administration of this act. Information thus obtained, or obtained from any individual pursuant to the administration of this act shall be held confidential by the administrator and shall not be published or be open to public inspection in any manner revealing the individual's or employing unit's identity, but any claimant at a hearing provided for in this act shall be supplied with information from such records to the extent necessary for the proper presentation of his claim, and any department employee guilty of violating this provision shall be subject to the penalties provided in this act; *provided, however,* that nothing herein contained shall be construed to prevent the administrator, or any qualified attorney whom the administrator has designated to represent him in any court of this state, or the attorney general, from making any record, report or other information referred to in this sub-section, available in any proceeding before any court of this state in any action to which the administrator is a party; provided, further, that nothing herein contained shall be construed to prevent the administrator from making any record, report, or other information referred to in this sub-section, available to any agency of this state or any agency of a political sub-division of this state charged with the administration of public assistance within this state, or any political sub-division thereof * * *."

"Rhode Island Cash Sickness Compensation Act," P. L. 1949, chap. 2176, sec. 9(9):

"Sec. 9. *Administration.* * * *

(9) *Dissemination of Information.* Every employee of the department of employment security is hereby expressly prohibited from divulging to any individual not officially connected with the department any information obtained by such an employee in the regular course of duty, or from the records and reports of employing units, or from the permanent records of the department, which would reveal the identity of any

individual or employing unit, or the number of persons employed by any employing unit, or matters relating to employment of any employing unit, or of wages earned or paid to any individual, or hours worked by an individual, or type of sickness suffered by any individual or any other information relative to the cash sickness claim or payment thereof.

Every request for information relating to the data referred to in paragraph 1 of this act shall be denied, and the individual making such request shall be informed that all requests for information must be directed to the administrator.

Every request for information directed to the administrator, shall be denied if such a request would necessitate that individual to divulge any information which is declared in section 11 (5) of the employment security act to be held confidential by the administrator.

Notwithstanding the provisions of paragraph 3 of this sub-section, the administrator is hereby authorized to divulge the information confidentially held by the department to the agencies enumerated in section 11 (5) of the employment security act as proper agencies entitled to access to such information relating to the administration of cash sickness compensation in this state."

On the other hand respondent contends that those statutes do not remove from the superior court the power to issue a subpoena *duces tecum* as a part of its ordinary jurisdiction and that, in the absence of an express prohibition, the superior court did not act in excess of its jurisdiction when it ordered in a pending case the issuance of such subpoena directed to the administrator of the department of employment security.

The question here raised is not primarily one which involves a construction or interpretation of the above-cited statutes in connection with an unemployment or cash sickness case. Rather it calls for a determination as to whether, by reason of the language employed in said statutes or either of them, the superior court is deprived

of its power to issue a subpoena *duces tecum* as a part of its ordinary judicial process where the contents of the documents subpoenaed are pertinent to a pending legal inquiry in a controversy not directly coming within the provisions of such statutes.

Although a number of states have enacted statutes relating to disclosure of information and records by public social security, old age assistance and unemployment boards, officers and employees, the cases dealing with the construction of such statutes are not numerous. While there are cases to the contrary, as suggested by the petitioner here, there is also good authority to the effect that in a proper case the prohibition of disclosure in such statutes does not forbid the production of such records in response to court process. See 165 A.L.R. 1327.

In *Bell* v. *Bankers Life & Casualty Co.*, 327 Ill. App. 321, an action on a life insurance policy which had been issued without an examination and in which the insurer defended affirmatively on the ground that the insured had misrepresented his age in the application as being fifty-five years whereas he was actually ninety-three, the court held that the records of the county bureau of public welfare, which were produced in response to a subpoena, were admissible to show the insured's age as stated in a sworn written application for old age assistance. The court rejected a contention that the records of the bureau of public welfare were inadmissible because the Illinois statute made it a misdemeanor to disclose such information except for purposes directly connected with the administration of pensions and in accordance with the rules and regulations of the commission. The court further held that such prohibition was clearly intended to forbid *voluntary* disclosures by public employees but was never intended to prevent the disclosure of the contents of official documents pursuant to the compulsion of a subpoena where the information from such records was pertinent to a legal inquiry.

In *State ex rel. Haugland* v. *Smythe,* 25 Wash. 2d 161, the court cited with approval the *Bell* case, *supra,* and upheld the right of a justice of the superior court, while conducting a juvenile case, to compel an administrator of the county welfare department to produce in court, through a subpoena *duces tecum,* the original confidential file of such department concerning a delinquent minor child for inspection and use of such file by the court in the matter then pending and affecting the delinquent minor. The contention made by the relator was that such records were confidential and that they involved communications which were privileged against disclosure.

In such circumstances the court held that the mere fact that a communication was made in confidence, express or implied, does not of itself create a privilege for all purposes, and further that in the case before it the original records of the county welfare department were not privileged communications. In holding that such records were admissible in evidence under a subpoena *duces tecum,* the court, at page 168, said: "We have no doubt that the records of the county welfare department would be exempt from disclosure to those who are motivated simply by curiosity, and, in situations such as are here involved, we may assume that the same exemption could be successfully invoked where the information was sought for purely commercial, personal, or political purposes, or as a basis for creditors' suits or similar proceedings. None of those features, however, is present in this case. The information sought by the juvenile court was for its own use in determining the ultimate disposition of a maladjusted child."

In the instant case the basic and narrow issue presented is whether a person, whom the statutes in question intend to protect against certain unwarranted disclosures, is to be deprived of the benefit of the records in question when he, as the only person to be affected by the information therein contained, has been granted a subpoena *duces tecum* by the

court ordering the production of the records which he deems necessary and pertinent for the protection of his interests in a litigated case in which he is a party. Upon examination of the statutes involved we find that the prohibition against disclosure as therein expressed does not go as far as the petitioner here contends. In the absence of express prohibition of disclosure in the statutes herein cited it is our opinion that the court is not denied the power in a proper case to exercise its discretion and issue a subpoena *duces tecum*. In the circumstances of the case at bar the superior court did not err in denying the administrator's motion to quash the subpoena *duces tecum*.

The petition for certiorari is denied, the writ heretofore issued is quashed, and the papers in the case are ordered to be returned to the superior court for further proceedings.

*Robert K. Argentieri,* for Department of Employment Security.

*Flynn & Leighton, Robert T. Flynn,* for respondent Francis J. Holland.