256 A.2d 26.

MARSTAN CORPORATION *vs.* CENTREVILLE REALTY COMPANY.

JULY 15, 1969.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PER CURIAM. This action of trespass on the case for property damage, although commenced prior to the adoption of new rules of civil procedure by the superior court, was tried in that court to a judge sitting without a jury subsequent to the effective date of those rules. Judgment was for the plaintiff, and the defendant appeals.

In 1961 defendant was the owner of a multi-occupancy

converted mill building, and plaintiff, a manufacturer of lace and braid, was a tenant. Included in the tenanted premises was an area known as the "picker-room," a portion of which plaintiff used for the storage of finished goods. In the early morning hours of February 1 in that year, a sprinkler pipe in the picker-room froze and burst. What caused the freeze-up was that a person or persons unknown closed the valve which regulated and controlled the flow of heat into the picker-room.

On conflicting evidence the trial justice clearly and unequivocally found that the heating system was in the control of and was operated by defendant; that plaintiff had not attempted to interfere with or control it; that defendant's watchmen were required to check the valve controlling the flow of heat into the picker-room at two hour intervals in order "to make certain that it was open on all occasions"; that they did not do so during the significant time preceding the freeze-up; that if they had checked, they would have opened the closed valve, the room would have been heated, the sprinkler pipe would not have frozen and burst, and plaintiff's stored merchandise would not have been damaged; that the difference between the fair market value of the damaged goods immediately prior to the bursting of the pipe and what they thereafter brought in salvage was in excess of $10,000. Upon these findings he concluded that the defendant was responsible for the freezing and bursting of the pipe and the resulting damage to plaintiff's goods. Notwithstanding that the actual damages sustained exceeded $10,000, the trial justice, apparently in the mistaken belief that the ad damnum in plaintiff's writ was only $10,000, caused judgment to be entered for $10,000 plus costs instead of for the loss actually suffered. The plaintiff, however, does not complain of the insufficiency.

Although its brief consists of 90 pages, defendant does not press a single objection urged at trial, and its argument,

stripped of its verbiage, is that the trial justice overlooked and misconceived material evidence; that his findings are therefore not entitled to the great weight which ordinarily they would receive; and that the evidence, if properly regarded, will not support the trial justice's conclusion either as to liability or as to damages. Our own examination of the record convinces us that there is no merit to defendant's basic claim that material evidence was either overlooked or misconceived. Moreover, we are satisfied that defendant's argument, however couched, is concerned primarily with the weight of the evidence and the credibility of the witnesses. It consists, in essence, of the contention that defendant's witnesses, rather than plaintiff's, should have been believed, and that the inferences drawn from the evidence should have been in defendant's, rather than plaintiff's, favor. Such arguments were properly for the trier of the facts to whom they were doubtlessly addressed; they have no place in appellate proceedings.

The defendant's appeal is denied and dismissed.

*Gunning & LaFazia, Raymond A. LaFazia* and *Albert E. Rossi, Milton Bernstein,* for plaintiff.

*Worrell & Hodge, Paul H. Hodge,* for defendant.