264 A.2d 26.

MARY C. COUTANCHE *vs.* HENRY A. LARIVIERRE, JR. *et al.*

APRIL 10, 1970.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PAOLINO, J. This civil action was commenced in the Superior Court by the filing of a complaint against the defendants Henry A. Larivierre, Jr. and George W. Witherspoon. The complaint alleges that the plaintiff's lawfully parked motor vehicle was damaged when it was struck by the defendant Witherspoon's automobile after the latter had been in collision with the defendant Larivierre's motor vehicle at an intersection in the City of Providence. The complaint also alleges that the collision and the damages to her car were caused by the defendant's negligence.

A justice of the Superior Court, after hearing the case without a jury, rendered a decision against both defendants in the amount of $931. Judgments were entered in that amount plus interest, and the case is now here on defendants' appeals from those judgments.

The accident occurred at the intersection of Governor Street, which runs north and south, and Williams Street, which runs east and west. At about 7:30 p.m. on the evening of January 20, 1967, an automobile being driven northerly on Governor Street by defendant Witherspoon was in collision with the right side of an automobile operated by defendant Larivierre. At this time plaintiff's automobile was parked unattended on the easterly side of Governor Street, facing north, some 20 feet north of the intersection of Governor and Williams Streets.

Larivierre's version of the collision is in substance as follows. He was driving easterly on Williams Street. Prior to reaching the intersection, he stopped at a stop sign which was located some 15 feet west of the intersection and which regulated traffic going easterly on Williams

Street. From his stopped position, he was unable to see to his right because the house located on the southwest corner of the intersection blocked his view in that direction. For this reason he crept forward until the front of his car was even with the curb on Governor Street and stopped again. He intended to make a left turn and proceed northerly on Governor Street. He looked to his right and saw the Witherspoon vehicle proceeding northerly on Governor Street some 300 feet away. He then looked to his left and saw a vehicle traveling south on Governor Street, also some 300 feet away. This vehicle was being operated by one John L. Beiermann. Looking once more to his right, he again saw the Witherspoon car, now some 250 feet from the intersection, and, believing that he had time enough to enter the intersection and to safely complete his turn, he proceeded into the intersection. Before he completed his turn, his vehicle was struck at the right front fender by the Witherspoon vehicle. His (Larivierre's) vehicle then crossed the southbound lane on Governor Street and mounted the northwesterly curb before it stopped. He did not see the Witherspoon car strike plaintiff's parked car but said that upon turning he saw the Witherspoon vehicle up against plaintiff's automobile.

Witherspoon testified in substance as follows. He was proceeding northerly on Governor Street at an estimated speed of 20-25 miles per hour and did not see the Larivierre vehicle until it had entered the intersection when he, Witherspoon, was some 15 feet from the intersection. He braked his vehicle and turned to his right to avoid Larivierre's car. The two vehicles collided within the intersection, and he presumed that he struck plaintiff's car.

John L. Beiermann, a disinterested party, was called as a witness by defendant Larivierre. His testimony is substantially as follows. He was driving southerly on Governor Street at about 25 miles per hour when he saw

the Larivierre car come to a stop at the stop sign. He saw the Witherspoon vehicle enter Governor Street from his (Beiermann's) left some two or three streets south of the intersection. He was between 100 and 200 feet from the Larivierre car when it started its turn on Governor Street, and the Witherspoon car was at least as far as he (Beiermann) was, if not farther, from the Larivierre vehicle at this time. He was uncertain whether Larivierre stopped at the corner prior to entering the intersection, nor was he able to estimate the speed of the Witherspoon vehicle from the time he first saw it until the collision occurred. The Larivierre car was about halfway into its turn when the Witherspoon vehicle was 50 feet or less from it. He saw the Witherspoon vehicle come in contact with plaintiff's parked car.

A bill in the amount of $931 representing the cost of repairing plaintiff's car was admitted without objection.

It appears from the evidence and the arguments of counsel that neither defendant disputes plaintiff's right to recover. As the trial justice pointed out in his decision:

> "The parties have addressed themselves to avoidance, hopefully, of liability. Each apparently feeling that the other was responsible for the damages to Mrs. Coutanche's automobile." .

After noting that he and counsel took a view of the scene of the accident, and after relating what he saw to the testimony presented at the hearing, the trial justice went on to discuss the pertinent evidence. He found that the plaintiff was in the exercise of due care and that Mr. Beiermann was a completely disinterested witness. He accepted the latter's testimony that Larivierre had stopped at the stop sign.

In discussing the question of Larivierre's liability, he concluded that the evidence indicated that Larivierre had stopped at the stop sign, that his view down the street at that point was very poor because the house to his right

blocked his view, that he had had to come out closer to the street and possibly into it to get a decent view to the south, and that he must have seen Witherspoon coming up. He noted that Larivierre admitted he saw him when he was some distance down the street. After discussing our "Obedience to stop signs" statute,[1] he found that this was a case of an immediate hazard and held that

> " * * * a person coming out of Williams Street, a more narrow street, which is less of a main highway than Governor Street, had this obligation that is related to the statute here, to observe and to govern themselves accordingly where he finds another car approaching so closely as to constitute an immediate hazard."

Accordingly, he found that under the circumstances, if Larivierre was complying with the duty imposed on him under the stop sign statute, he would not have come out at the time that he did, that coming out he placed himself in a position of danger, and that he was negligent in so doing.

With regard to the question of defendant Witherspoon's liability, the trial justice concluded that the latter could have operated his car with more caution than he did and that alertness on the part of Witherspoon might have avoided the collision. He inferred from the evidence, considering the distances involved, that Witherspoon was operating at a speed that was excessive under the circumstances, and that such excessive speed indicated he was not in the exercise of due care. Accordingly, he found for

---

[1]General Laws 1956 (1968 Reenactment), §31-17-4 reads as follows:

"Obedience to stop signs.—The driver of a vehicle shall likewise stop in obedience to a stop sign as required herein at an intersection where a stop sign is erected at one (1) or more entrances thereto although not a part of a through highway and shall proceed cautiously, yielding to vehicles not so obliged to stop which are within the intersection or approaching so closely as to constitute an immediate hazard, but may then proceed."

the plaintiff against both defendants on the question of liability.

The defendant Larivierre contends that the collision and resulting damage to plaintiff's car were caused by defendant Witherspoon's negligence alone, that he (Larivierre) was in the exercise of due care and therefore free of negligence, and that the trial justice erred in his interpretation of the obedience to stop signs statute as applies to the facts of this case. In substance he argues that the trial justice's findings are not supported by the evidence and that he misconceived the applicable law.

The defendant Witherspoon disagrees with Larivierre. He argues that he (Witherspoon) was not negligent; that he was on a protected highway and his rate of speed was lawful; that there were no special hazards present at the time; that upon seeing the hazard presented by Larivierre's entering the protected highway, he did all that was expected of him under the circumstances; and that the collision was caused by the negligence of Larivierre. The substance of his argument is that the evidence does not support the trial justice's finding that he (Witherspoon) was not in the exercise of due care.

We find no error in the trial justice's decision. The defendants have failed to persuade us that his findings are not supported by competent evidence or that he misconceived or misapplied the obedience to stop signs law, and therefore we affirm the judgments.

The evidence in the case at bar is conflicting. Witherspoon said he was proceeding at an estimated speed of 20-25 miles per hour and did not see the Larivierre car until it entered the intersection when he, Witherspoon, was only 15 feet from the intersection. Larivierre, on the other hand, testified that after he stopped at the curb on Governor Street, and before he started to enter the intersection, the Witherspoon car was some 250 feet from the

intersection. The witness Beiermann testified that he saw the Larivierre car stop at the stop sign. On the basis of this evidence the trial justice made certain findings and drew certain inferences with respect to the conduct of both defendants. In such circumstances the rule in this state is clear. Where the parties submit their case on the law and on the facts to a trial justice sitting without a jury, his findings are entitled to great weight and will not be disturbed by this court unless they are clearly wrong, unless his decision fails to do substantial justice between the parties or unless he has misconceived or overlooked material evidence. *Mateer* v. *Mateer*, 105 R. I. 735, 254 A.2d 417; *Goldberg* v. *Goldberg,* 105 R. I. 190, 250 A.2d 373. The same rule applies to inferences drawn by the trier of facts. *Tefft* v. *Tefft,* 105 R. I. 496, 253 A.2d 601; *Spouting Rock Beach Association* v. *Garcia,* 104 R. I. 451, 244 A.2d 871.

There is no merit to Larivierre's contention that the trial justice erred in interpreting the stop sign statute or that he misapplied it to the facts of this case. He did not rule that violation of the stop sign statute was negligence per se; he merely used this factor as an aid in determining whether Larivierre's conduct was in fact negligent. We find no error here. *Audette* v. *New England Transp. Co.,* 71 R. I. 420, 46 A.2d 570.

Nor did the presence of the stop sign give Witherspoon an absolute right-of-way. A driver on a dominant highway does not have an absolute right-of-way; he is not relieved of the duty of exercising due care because of his situation, even where his right-of-way is protected by a stop sign. For a discussion of this subject see 60A C.J.S. *Motor Vehicles* §360(5)(a); 3 Blashfield, *Automobile Law and Practice,* §114.98. See also *Dembicer* v. *Pawtucket Cabinet & Builders Finish Co.,* 58 R. I. 451, 193 A. 622, where the court said at 457, 193 A. at 625:

"The right of way rule is not absolute but relative, and subject to the qualification that a person entitled to claim that right will exercise it with proper regard for the safety of himself and others. Insistence upon the right given by this rule, when ordinary prudence in the circumstances dictates otherwise, may be entirely inconsistent with the exercise of due care."

The trial justice found as a fact that if Larivierre was observing his duty under the stop sign statute he would not have come out at the time he did, that by coming out at that time he placed himself in a position of danger, and that in the circumstances he was negligent. With respect to Witherspoon, he drew the inference, from the distances that were covered, that Witherspoon was operating at an excessive rate of speed and found as a fact that under the circumstances, he was not in the exercise of due care. See *Dembicer* v. *Pawtucket Cabinet & Builders Finish Co.,* *supra.* An examination of the transcript shows that his findings, both direct and inferential, are supported by competent evidence.

The defendants have failed to persuade us that the trial justice's findings and the inferences which he drew from the evidence are clearly wrong or that his decision fails to do substantial justice between the parties. Nor are we persuaded that he misconceived the law or that he overlooked or misconceived material evidence in finding as he did and in drawing the inference that Witherspoon was driving at an excessive rate of speed. On this record we cannot disturb the findings and decision of the trial justice.

The judgments are affirmed.

*Jordan, Hanson & Curran, Paul A. Lietar,* for plaintiff.

. *Edward Bromage, Jr.,* for Henry A. Larivierre, Jr.; *Joseph A. Capineri,* for George W. Witherspoon, defendants.