270 A.2d 83.

BARTHOLOMEW F. NOONAN *vs.* NEWPORT READY MIX CONCRETE, INC.

OCTOBER 29, 1970.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

JOSLIN, J. This is a civil action for an alleged breach of an agreement pursuant to which the defendant supplied and poured the concrete foundation for a residence being constructed by the plaintiff. When several months thereafter the plaintiff observed that the foundation had cracked, he commenced this action. He alleged in essence that the foundation cracks were the direct result either of defective concrete or of an improper pour. The case was tried to a Superior Court justice sitting without a jury and after judgment for the defendant, the plaintiff appealed.

The parties agree that the cause of the cracking was the application of an external force, and while there was testimony concerning various forces any one of which could have been the cause, none was clearly identified as having been responsible. The thrust of plaintiff's argument is that the causative external force, whatever it may have been, was clearly includable within the ambit of those which the concrete, if of proper standards and correctly poured, would have withstood. While there is testimony which supports plaintiff's argument, the trial justice did not accept it. Instead, she relied in substance upon the evidence, direct as well as inferential, that the cracks could have resulted from a variety of causes for at least some of which defendant was not responsible; and she found that in the circumstances plaintiff had not established that the cracks were the direct result of defendant's failure to meet its obligations. We accord those factual determinations great weight, and will not disturb them unless satisfied that they are based upon an oversight or misconception of material evidence or unless they are otherwise clearly wrong. *F. D.*

648

*McKendall Lumber Co.* v. *Buratti,* 107 R. I. 158, 265 A.2d 732; *Danal Jewelry Co.* v. *Fireman's Fund Ins. Co.,* 107 R. I. 33, 264 A.2d 320; *Coutanche* v. *Larivierre,* 107 R. I. 1, 264 A.2d 26. No such oversight, misconception or other clear error having been established here, the judgment appealed from must be affirmed.

The plaintiff's appeal is denied and dismissed, the judgment appealed from is affirmed, and the case is remanded to the Superior Court.

*Corcoran, Peckham & Hayes, Patrick O'N. Hayes,* for plaintiff-appellant.

*Macioci and Grimm, Joseph J. Macioci,* for defendant-appellee.