326 A.2d 258.

NICHOLAS W. IACOVELLI *vs.* ANTHONY T. DEROBBIO.

OCTOBER 23, 1974.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

PER CURIAM. This civil action for injuries sustained as a result of an alleged assault and battery was tried in the Superior Court without a jury. At the conclusion of the presentation of evidence and following arguments of counsel, the trial justice in a bench decision reviewed the material evidence on the controlling issues and resolved the conflicts therein. Then, applying the legal principles enunciated in *Martin* v. *Estrella,* 107 R. I. 247, 266 A.2d 41 (1970) to the facts as found, he concluded that the plaintiff had proved the essential allegations of his case by a fair preponderance of the evidence, and that the defendant had used more force than was necessary under the circumstances in self-defense. Accordingly, he found the defendant liable for the injuries sustained by the plaintiff and assessed damages at $3,900. A judgment for that amount was entered. The defendant appealed.

While the defendant did not clearly identify a specific claim of error in his brief, he contended in oral argument that the trial justice had overlooked and misconceived material evidence on controlling issues, and that therefore his factual determinations — principally on the self-defense issue — should not be accorded the great weight to which they would otherwise be entitled. The record does not even suggest, much less support, the error assigned. Instead, it clearly reveals that what the defendant basically contends is that his version of the incident, rather than the plaintiff's, should have been accepted as the more credible, and that had it been so accepted, application of the unchallenged rule in *Martin* v. *Estrella, supra,* would have resulted in a judgment for him. The defendant had the opportunity — and he undoubtedly availed himself of it — to make that argument before the trier of facts. It was unsuccessful there, and has no place

in appellate proceedings. *Boudreau* v. *Holzer*, 109 R. I. 81, 85, 280 A.2d 88, 91 (1971); *Marstan Corp.* v. *Centreville Realty Co.*, 106 R. I. 36, 256 A.2d 26 (1969).

The defendant's appeal is denied and dismissed, the judgment appealed from is affirmed, and the case is remanded to the Superior Court for further proceedings.

*Anthony R. Berretto,* for plaintiff.

*Joseph D. Accardi,* for defendant.