401 A.2d 436.

STATE *vs.* HARVEY CHATELL.

MAY 9, 1979.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher, Doris and Weisberger, JJ.

Doris, J.    The defendant has appealed from a judgment of conviction entered following a jury-waived trial in the Superior Court. We affirm.

By indictment Harvey Chatell, former Superintendent of the Department of Public Works in the Town of Coventry, was charged with the following offense:

> "did knowingly give to a public official of the town of Coventry certain receipts and other documents of which said public official was interested, which receipts and other documents were false and erroneous, and which were knowingly intended to mislead the said public official and the town of Coventry, in violation of Title 11, Section 1, G.L.R.I. 1956, as amended."

The testimony presented at trial sharply conflicted. James Smith, owner of the S & S Tire Company (S & S) in Warwick, was the major witness for the state. Smith testified that on April 20, 1974, his company installed five Delta LR78-15 steel radial tires on Chatell's personal automobile. On the same date, the town of Coventry was invoiced for three 900-20 truck tires at a price of $270.03, but these tires were never subsequently delivered. Smith stated that the bill for the truck tires was written up to offset the price of the tires mounted on Chatell's car. Smith arrived at the figure of $270.03 by determining the wholesale price of the five automobile tires. Smith further testified that in July 1974 his company entered receivership.

The state also presented the manager of S & S who corroborated Smith's testimony that five radial tires were placed on Chatell's automobile. Additionally, Russell Greene, the assistant superintendent of public works, testified that he could not recall having seen the three truck tires delivered to his department. Three documents were also introduced into evidence: (1) the invoice dated April 20, 1974, from S & S to the town for three 900-20 tires, at a price of $270.03, signed by Chatell, (2) the requisition order dated April 24, 1974,

from Chatell to the town finance department for three truck tires, and (3) the canceled check, dated May 2, 1974, drawn on the town's account, to S & S as payee, for $270.03.

Chatell testified in his own defense. He stated that in 1973, he purchased Seiberling tires for his car. Because they were wearing poorly, he contacted Smith regarding the possibility of putting radial tires on his car. Smith replied that this could be done easily and that he would give Chatell an adjustment for the tires removed from the car. Chatell admitted that the five radial tires were mounted on his car. He stated that he never received the adjustment charge, presumably because S & S was placed in receivership shortly thereafter. He further testified that although the truck tires were bought for his department's stock, he could not recall if they were ever delivered to the town. He stated, "I looked for them, I never found them."

The trial justice found Chatell guilty of the charge. He specifically believed Smith's version of the transaction and disbelieved Chatell's testimony. In particular, he found that Chatell's defense lacked credibility because, although Chatell was not certain whether the truck tires were ever delivered, he nevertheless approved for payment for $270.03.

Chatell's sole contention on appeal is that the evidence introduced at trial was insufficient to prove guilt beyond a reasonable doubt. Chatell focuses his attack upon Smith's credibility, noting that under cross-examination Smith admitted that when the state police initially questioned him about the matter, he told them that the five tires were installed on Chatell's car at no charge as an adjustment. Smith further admitted that it was only after the police warned him that unless he told the truth he would be accused of obstructing an investigation that he changed his story to the one presented at trial. Chatell argues that without Smith's testimony the record is devoid of any evidence tending to show that Chatell never intended S & S to deliver the truck tires to the town.

In substance defendant urges us to test the sufficiency of the evidence by weighing the testimony and passing on the credibility of the witnesses. The task of weighing testimony and passing on the credibility of witnesses is reserved for the trial court. Here, the testimony is in conflict. The trial justice believed Smith's version of the transaction and disbelieved the testimony of defendant. The defendant's argument on appeal is essentially that the trial justice should have believed his testimony rather than the testimony of the state's witnesses. That argument is properly addressed to the trial court and is inappropriate in appellate proceedings. *Fourier v. Ward*, 111 R.I. 467, 306 A.2d 802 (1973); *Marstan Corp. v. Centreville Realty Co.*, 106 R.I. 36, 256 A.2d 26 (1969).

On the record before us we believe that the state introduced abundant evidence to meet its burden of proof. Smith's testimony indicated that the invoice and truck tire transaction was a sham *ab initio;* the only tires ever "sold" by S & S to Chatell were the radial tires mounted on his personal aubomobile. The defendant himself was uncertain whether the truck tires were ever delivered to the town. The documents employed in the subterfuge were received into evidence. This evidence alone, the veracity of which we must accept for purposes of this appeal, was sufficient to support a finding of guilty beyond a reasonable doubt.

The defendant's appeal is denied and dismissed, the judgment of conviction appeal from is affirmed, and the case is remanded to the Superior Court for further proceedings.

*Dennis J. Roberts II*, Attorney General, *Melanie Wilk Spencer*, Special Assistant Attorney General, for plaintiff.

*Abedon, Stanzler, Biener, Skolnik and Lipsey, Howard I. Lipsey, Richard A. Boren*, for defendant.