Mario PEREIRA

v.

Henry TELLIER d/b/a Boulevard
Billiard Club.

No. 90–30–Appeal.

Supreme Court of Rhode Island.

Dec. 5, 1990.

Carolyn Ann Mannis, Lovett, Schefrin, Gallogly & Harnett and Anita Elise Flax, Providence, for petitioner.

William J. Burke, Pawtucket, for respondent.

## OPINION

PER CURIAM.

This case came before the court sub nomine *Pardey v. Boulevard Billiard Club*, 518 A.2d 1349 (R.I.1986), and was remanded to the Superior Court for an evidentiary hearing in order to determine whether Mario Pereira's claim was barred by a general release that was designed to release certain specific parties not including the defendant but utilizing general language normally associated with a general release. Upon remand the trial justice conducted an evidentiary hearing and determined that the plaintiff, Mario Pereira (Pereira), did not intend to release the defendant, the Boulevard Billiard Club (Boulevard). Thereafter, the case was returned to us to review this determination and to decide the issue of assumption of the risk upon which we had earlier reserved judgment pending the decision on the general release. The case was

then assigned for oral argument pursuant to an order that had directed both parties to appear before the court and show cause why the issues raised by this appeal should not be summarily decided.

■ After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that the trial justice upon remand did not err in finding that Pereira did not intend to release Boulevard by signing what was purported to be a general release but which specifically released other parties. Considering the context in which the release was executed, there was ample evidence to support the trial justice's finding in this respect. Consequently the release does not bar the action that was earlier tried in the Superior Court.

■ The defendant also argues that the trial justice erred in rejecting its defense based upon assumption of the risk. We should note that defendant did not plead assumption of the risk, which is an affirmative defense. *See, e.g., Duquette v. Godbout,* 416 A.2d 669 (R.I.1980); *Iadevaia v. Aetna Bridge Co.,* 120 R.I. 610, 389 A.2d 1246 (1978). However, since the trial justice, sitting without a jury, considered this defense on its merits, we shall do the same. It is a familiar proposition that the findings of fact of a trial justice sitting without a jury are entitled to great weight and will not be disturbed on appeal unless the trial justice has overlooked or misconceived material evidence or was otherwise clearly wrong. *Lisi v. Marra,* 424 A.2d 1052 (R.I.1981); *Fournier v. Ward,* 111 R.I. 467, 306 A.2d 802 (1973). In the case at bar, the trial justice considered the evidence that bore upon the question of assumption of risk and found that Pereira had not been subjectively aware of the danger and had not voluntarily exposed himself to that danger, having appreciated its unreasonable character. In so doing, he was following principles enunciated in *Drew v. Wall,* 495 A.2d 229, 231 (R.I.1985); *Rickey v. Boden,* 421 A.2d 539, 543 (R.I. 1980); and *Kennedy v. Providence Hockey Club, Inc.,* 119 R.I. 70, 75, 376 A.2d 329, 332 (1977).

After reviewing the evidence in this case, we cannot say that the trial justice overlooked or misconceived material evidence or was otherwise clearly wrong.

For the reasons stated, the appeal of the defendant is denied and dismissed. The judgment of the Superior Court is affirmed. The papers in the case may be remanded to the Superior Court.