UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

Karen Cooper and Linda Dykeman

    v.                              Civil No. 17-cv-601-JNL-AKJ
                                        Opinion No. 2018 DNH 103

YMCA of Greater Providence and
Steven G. O'Donnell

**ORDER**

The plaintiffs in this employment action, Karen Cooper and Linda Dykeman, bring several claims against defendants YMCA of Greater Providence and Steven O'Donnell, its CEO, alleging retaliation and gender-based discrimination in violation of the Rhode Island Fair Employment Practices Act (FEPA), R.I. Gen. Laws § 28-5-7, Rhode Island's Civil Rights Act of 1990, R.I. Gen. Laws. § 42-112-1, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 and § 2000e-3. They also bring a state-law claim for defamation. This court has subject-matter jurisdiction over the action under 28 U.S.C. §§ 1331 (federal question) and 1367 (supplemental jurisdiction).

A third party to the action, the Rhode Island Department of Labor and Training, Board of Review ("the Board"), moves to quash a subpoena served by defendant O'Donnell seeking records related to the plaintiffs' proceedings before it. For the reasons discussed herein, the court denies that motion.

## I.   Background

Cooper acted as the YMCA's Chief Development and Marketing Officer, while Dykeman served as its Chief Financial Officer. They allege, among other things, that O'Donnell harassed them and treated them differently than male executives.  After seeking to resolve their complaints through a series of actions not relevant to the motion at hand, the plaintiffs both resigned in early 2017.  After their resignations, they applied for and received employment security benefits under the Rhode Island Employment Security Act, R.I. Gen. Laws §§ 28-44-1 et seq.  The YMCA appealed that decision to the Board, which held an evidentiary hearing before reversing the award of benefits.

On February 6, 2018, O'Donnell served a subpoena on the Board seeking production of its files pertaining to the plaintiffs' claims for employment security benefits, including the audio recording of the evidentiary hearing.[1]  See Fed. R. Civ. P. 45.  The Board moves to quash that subpoena, see Fed. R. Civ. P. 45(d)(3), arguing that it is obligated by R.I. Gen. Laws § 28-42-38(c) and its own Rule 10 to maintain the records' confidentiality.[2]

---

[1]  See Obj. to Mot. Ex. A (doc. no. 19-2).

[2]  Mem. in Supp. of Mot. to Quash (doc. no. 17-1).

2

## II. **Analysis**

This motion is presumably brought[3] pursuant to Rule 45(d)(3)(A)(iii), which provides:  "On timely motion, the court . . . must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies . . . ."  To be considered timely, a motion to quash generally must be filed within the time for compliance set forth in the subpoena itself.  See, e.g., 9 Moore's Federal Practice § 45.50[1], 45-77 (3d ed.2009) (citing cases).  The Board filed its motion to quash the subpoena on March 22, 2018, three weeks after the February 27 compliance deadline and more than six weeks after it was served.

Even were the Board's motion timely, however, it must still be denied.  The Board seeks to quash the subpoena because it seeks information the Board holds confidential under Rhode Island law.  The relevant statute provides:

> Information obtained, or information contained in other records of the department obtained from any individual pursuant to the administration of those chapters, shall be held confidential by the director and shall not be published or be open to public inspection in any manner revealing the individual's or employing unit's identity, but any claimant at a hearing provided for in those chapters shall be supplied with information from those records of the

---

[3] The Board does not indicate as much -- indeed, does not invoke Rule 45 at all -- but the court extrapolates this from the nature of the Board's objection to producing allegedly confidential materials.

3

extent necessary for the proper presentation of his or her claim.

R.I. Gen. Laws § 28-42-38(c). The Board argues that the requirement that information it obtains "shall be held confidential . . . and shall not be published or be open to public inspections" prevents it from complying with the subpoena where there is no current appeal pending before it.[4]

The Supreme Court of Rhode Island addressed this issue with respect to an almost identically worded predecessor statute, the Employment Security Act, Public Laws 1949, chap. 2175, sec. 11(5). Specifically, it considered "whether, by reason of the language employed in said statute[ ] . . . the superior court is deprived of its power to issue a subpoena duces tecum as a part of its ordinary judicial process where the contents of the documents subpoenaed are pertinent to a pending legal inquiry in a controversy not directly coming within the provisions of such statute[ ]." Powers ex rel. Dep't of Employment Sec. v. Superior Court, 82 A.2d 885, 888 (R.I. 1951). Resolving that question, the Court held that, "[i]n the absence of express prohibition of disclosure" in that statute, "the court is not denied the power in a proper case to exercise its discretion and issue a subpoena duces tecum." Id. at 889. And in doing so, it

---

[4] Board's Memo. (doc. no. 17-1) at 1.

4

differentiated use of such documents in legal proceedings from disclosure "to those who are motivated simply by curiosity" or where "the information was sought for purely commercial, personal, or political purposes, or as a basis for creditors' suits or similar proceedings." Id. at 888.

Here, the statute in question does not expressly prohibit disclosure in response to a subpoena, cf. Boudreau v. Holzer, 280 A.2d 88, 92 (R.I. 1971) (distinguishing Powers from circumstance where statute directed that "[n]o subpoena shall be issued by a court" to obtain the protected information), and the party seeking information otherwise protected by § 28-42-38(c) does so for use in a legal proceeding to which those whose information is protected are a party. Accordingly, and consistent with the reasoning of the Supreme Court of Rhode Island in Powers, the court DENIES the Board's motion to quash the subpoena.[5]

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge


Dated:     May 17, 2018

---

[5] Document no. 17. The court decides this issue on the papers submitted. No party requested a hearing.

cc: David S. Cass, Esq.
    Kevin P. Braga, Esq.
    Jilliam S. Folger-Hartwell, Esq.
    John D. Doran, Jr., Esq.
    Kathleen A. Nee, Esq.